## SELF *et al. v.* KING.

### [87 South. 489, No. 21704.]

1. HUSBAND AND WIFE. *Evidence held sufficient to show gift of chattels by testator to wife.*

    Where the executor of a will brought suit for a diamond and an automobile bought by the testator in his lifetime and in the possession of his wife who claims the property was given to her during the life of her husband, the testator, the will being silent as to these items, evidence by third persons that the husband had declared during his life that he had given these items to his wife, coupled with evidence that his fiancial condition was such as justified such gifts, is sufficient to warrant a finding by the chancellor that he had given the items to the wife.

2. HUSBAND AND WIFE. *Gift of chattels by husband to wife need not be in writing; husband's heirs not being "third persons" within statute requiring such transfer to be recorded.*

    A gift by a husband to a wife of a diamond and an automobile is valid between the parties though not in writing. It is also valid as against the heirs of such husband when the gift is completed during the life of the husband. In such case the heirs have no rights to property not owned by the husband at the date of his death. They are not "third persons" within the purview of section 2522, Code of 1906, section 2056. Hemingway's Code.

APPEAL from chancery court of Chickasaw county.

HON. A. J. MCINTYRE, Chancellor.

Action by P. M. B. Self, executor of the estate of Charles R. King, deceased, and another against Mrs. Mamie Louise King. Judgment for defendant, and plaintiffs appeal. Affirmed.

*W. D. & J. R. Anderson,* for appellants.

The appellee, Mrs. Mamie Louise King, claims the diamond and automobile in question by gift from her husband some time before his death. Under these circum-

stances the burden of proof was on her to show clearly by the preponderance of the evidence that her husband made a valid gift of the property to her. "Burden of proof is on the one claiming to be the donee of the property, to establish all of the facts essential to the validity of such gift." 20 Cyc., 1219, and authorities cited in Note No. 30 to this text; 14 Am. & Eng. Ency. Law (2 Ed.), 1011, and authorities in Note No. 9; 14 Am. & Eng. Ency. Law (2 Ed.), 1013, 1014; 14 Am. & Eng. Ency. Law (2 Ed.), 1017.

In several states statutes have been enacted which proved that there shall be no valid gift except by deed or will "unless actual possession shall come to and remain with the donee or his agent, and if the donor and donee reside together at the time of the gift, possession by the donee at their place of residence is not sufficient possession within the meaning of the statute. 14 Am. & Eng. Ency. Law (2 Ed.), 1017, 19.

"Delivery must be absolute, that is the donor must not only part with possession of the property, but he must relinquish to the donee all dominion and control over it. 14 Am. & Eng. Ency. Law (2 Ed.), 1019. We call the attention of the court especially to *Wheatley* v. *Abbott,* 32 Miss. 343. The head note to this case appears to be quoted from other authorities. The first head note appears to be quoted from Kent's Commentaries. The second head note which refers to 7 S. & M. 428, 1 Kelly (Ga.) 595, is in this language: "The mere declaration of the donor, that he has made a gift of a personal chattel, unaccompanied by acts showing a delivery, or an absolute parting with all dominion and interest in it, are insufficient to establish a valid gift and especially where his acts are inconsistent with his having parted with the possession and control over the chattel. 7 S. & M. 428; 1 Kelly (Ga.) 595. This head note fairly and clearly states the principles announced by our supreme court in *Wheatley* v. *Abbott, supra.*

In the case of *Hatch* v. *Atkinson,* decided by the supreme court of Maine, 56 Me. 324, 96 Am. Dec. 464, an able discussion of what it takes to constitute delivery in case of gift is made. That case involved a gift *causa mortis,* but the same principles so far as delivery are concerned apply to gifts *inter vivos.* The first head note in that case fairly states what the court held.

As illustrative on the question of possession and delivery not squarely in point however, we refer to the case in our court and elsewhere that there can be no such thing as title to real estate by adverse possession as between husband and wife. *Day* v. *Cochran,* 24 Miss. 261; *Claughton* v. *Claughton,* 70 Miss. 384, 12 So. 340; *Smith* v. *Cunningham,* 79 Miss. 425, 30 So. 652; 1 Am. & Eng. Ency. Law (2 Ed.), 820; *Bell* v. *Bell,* 37 Ala. 536; *Veal* v. *Robinson,* 70 Ga. 809; *Berry* v. *Hall* (Ky.), 11 S. W. 474; *Jaxon* v. *French* (N. Y.), 3 Wend. 337; *Clark* v. *Gilbert,* 39 Conn. 94.

Applying these principles to the uncontradicted evidence in this case, we contend that the appellee, Mrs. King, failed to establish by a preponderance of the evidence as she was bound to do that her husband made delivery of the diamond and the automobile to her in his lifetime and parted with all dominion and control over them.

*Geo. F. Mitchel,* for appellee.

Assuming that the burden was on appellee in the court below, and the chancellor so held, I submit that we fully met the burden imposed upon us and that the decree of the chancellor was eminently correct. I earnestly insist that every necessary element of a valid gift was present in the instant case and that the testimony showed beyond all question that Mr. King delivered possession of the property in question to his wife prior to his death, intending that the property in question be delivered to the donee and accepted by the donee. I do not understand it to be the law, however, that there must be an actual

delivery of the property, but that a constructive delivery will meet the requirements of the law.

"The trend of modern decisions is toward a modification of the early English rule requiring an actual, manual delivery of the property in all cases, to constitute a valid gift *inter vivos,* and the substitution therefor of a symbolical or constructive delivery, where the circumstances of the case require it. Now, according to the better doctrine, an unequivocal declaration of gift, accompanied by a delivery by the only means by which possession of the thing given can be obtained, is sufficient." 20 Cyc, 1199, and notes wherein the Mississippi case of *Caradine* v. *Collins,* 7 S. & M. 428, is cited.

Our own court has made the following announcement of the law with reference to gifts: "As between donor and donee, the gift of a chattel is incomplete without delivery, or some act equivalent to delivery, if at the time the thing be susceptible of transmission. We do not say that actual delivery is necessary; it may be constructive or symbolical. Perhaps the delivery of a deed, or having it recorded, might be regarded as circumstances sufficient to amount to delivery, or to justify the presumption that delivery had been made. We do not now decide what is a sufficient delivery, or what is sufficient evidence that it was made. We only decide that delivery actual or constructive, it necessary. . . . Delivery is a question of fact for the jury to determine. In the last case cited it was decided that the jury had a right to take into consideration the repeated declarations of the donor that a gift had been made. The subject of the gift was a lottery ticket by a father to his infant daughter. He wrote her name on the back of the ticket, but received the prize himself, and this circumstance, accompanied by his declaration, was deemed sufficient to establish the gift, although there was no proof of an actual delivery." *Caradine* v. *Collins,* 7 S. & M. 432.

Along this same line, is the case of *Baldridge* v. *Stribling,* 101 Miss. 666, 57 So. 658, and this court held that the testimony of witnesses to the effect, that deceased

stated to them that he had given his money to his daughter, Mrs. Stribling, was sufficient, without further testimony to establish the gift.

Appellants contend that the fact that Mr. King wore the diamond a large portion of the time is evidence of the fact that he had not parted with full dominion over the stone and that therefore there was no valid gift. Of course the fact that Mr. King wore the diamond a greater part of the time, or all the time if you please, is a circumstance to go before the jury or court upon the question as to whether or not he had made a gift, but no one will contend that this fact of itself is conclusive evidence of the fact that no gift was made. All this testimony went before the court below, was considered by him for whatever it was worth, but was not sufficient to convince him of the fact that a valid gift had not been made.

"After a gift is made complete by delivery, it is not necessary that the donee shall retain possession of the property, and it may be redelivered to the donor as the agent or trustee of the donee for safe keeping, or other purposes. However, mere custody of the property by the donor, after a complete gift *in presenti* has been made is subject to explanation, and its chief importance is its bearing upon the question as to whether there was an executed gift. 20 Cyc., 1200, and notes citing the case of *Connor* v. *Hull,* 36 Miss. 424.

A gift of a ring, complete by delivery and acceptance, is not affected by the fact that it is lent by the recipient to the donor, and retained in his possession until his death. *Garrison* v. *Trust Co., Admr.,* 32 L. R. A. (N. S.) 219.

It seems clear that while delivery is necessary to effect a valid gift, it is not necessary that the donee afterwards retain actual possession of the subject of the gift. *Ivy* v. *Owen,* 28 Ala. 641; *Shepherd* v. *Shepherd,* 129 N. W. 201; *Gannon* v. *McGuire,* 160 N. W. 476.

When it appears that the donor has relinquished all dominion and control over the property as owner, and parted absolutely with title, the mere fact that the donee

allows possession to remain with the donor will not necessarily defeat the gift." *Hall* v. *Simmons*, 125 Ga. 801, 54 S. E. 751.

Where one has made an absolute and complete gift of money to another, the fact that the money was afterwards loaned to the donor does not show that it was not a gift. *Stewart* v. *Whittemore*, 3 Cal. App. 213, 84 Pac. 841. If the gift is complete, the whole title of the donor has passed from him to the donee, and the subsequent redelivery of the subject-matter of the gift to the donor to keep for the donee will not disturb the title of the latter in the thing given." *Mathews* v. *Hoagland*, 48 N. J. Eq. 455, 21 Atl. 1054; *Ivy* v. *Owen*, 28 Ala. 641; *Bone* v. *Holmes*, 195 Mass. 495, 81 N. E. 290; *Whiting* v. *Ralph*, 75 Conn. 41, 52 Atl. 406; *Beaumont* v. *Beaumont*, 81 C. C. A. 251, 152 Fed. 55; *Shepherd* v. *Shepherd*, 129 N. W. 201; *Grover* v. *Grover*, 24 Pick. 261, 35 Am. Dec. 319; *Hagemann* v. *Hagemann*, 90 Ill. App. 251; *Gannon* v. *McGuire*, 160 N. W. 476, 73 Am. St. Rep. 694, 55 N. E. 7; *Whitford* v. *Horn*, 18 Kans. 455; *Swindell* v. *Swindell*, 153 N. C. 22, 68 S. E. 892.

A multitude of authorities to this effect could be produced, if necessary, but there is such a unanimity of opinion among the courts of last resort that I deem it unnecessary to add to the length of this brief by citing additional authorities.

The testimony shows that Mr. King was a man of considerable wealth, was amply able to make a gift of the stone in question to his wife, that they were perfectly devoted to each other, and no reason has been yet assigned as to why he should not make the gift to her. This court in the case of *Kennington* v. *Hemingway et al.*, 101 Miss. 259, 57 So. 809, in speaking of the duty a husband owes his wife, said: "After the enactment of this statute, it still remained, as it had always been, the legal and moral duty of the husband to support his wife in a way suitable to her station and his condition in life. In order to do this he must, among other things, give her necessary wear-

ing apparel, and ought so far as his means will permit, and within the limits of a wise economy, to give her such personal ornaments as good taste and the usage of the society in which she moves demands."

The record shows that there was nothing unusual or out of the ordinary for Mr. King to make his wife a present of a diamond, because the testimony for appellants shows that on other occasions and at other times he had made this dutiful wife presents of other diamonds. There is another fact in this case that should not be overlooked and that is that no disposition of the property in controversy here was made in the will. I think this is a strong circumstances going to show that he had already disposed of this property and knew that it was no longer his to make disposition of.

As to the automobile in question, the gift of it is controlled practically by the same principles as those controling the gift of the diamond. The only other proposition I wish to discuss is the contention of counsel for appellants that section 2522, Code 1906, section 2056, Hemingway's Code, applies in so far as the gift of the automobile is concerned. They contend that this section has no application to the gift of the diamond, but that the gift of the automobile is invalid by reason of the fact that it was not evidenced by a written instrument filed for record. It is our contention, and was in the court below and so held by the chancellor that this section has no application to gifts between husband and wife where neither creditors nor purchasers without notice are concerned. The terms of the statute, any third person, certainly can have no reference to heirs, legatees or volunteers, but simply has reference to those parties who might be prejudiced or injured by reason of a secret transfer between husband and wife. As between the parties themselves, and those claiming under them, the gift is valid, although it is not reduced to writing and is not filed for record. This court in the case of *Gregory et al.* v. *Dodds,* 60 Miss. 549, construes the meaning of any third person, inferentially

at least, by limiting it to creditor or purchaser. This same case holds absolutely that transfers made otherwise than as provided by the statute, are good between the parties and volunteers claiming under them. The case of *Green* v. *Weems,* 85 Miss. 566, 38 So. 551, holds that the term "third persons," does not include all persons, not even all creditors, but only secured creditors and not un-secured ones. To the same effect is *Groce* v. *Phoenix Insurance Co.,* 99 Miss. 15, 48 So. 298.

ETHRIDGE, J., delivered the opinion of the court.

Charles R. King departed this life seized and possessed of an estate of one hundred thousand dollars or thereabouts. He left a last will and testament in which he appointed P. M. B. Self and W. E. Savage as executors, and also made Mr. Self guardian of certain of his minor children, and devised and bequeathed certain sums to certain of his children, and in section 8 of the will he gave, devised, and bequeathed to his wife, the appellee, the homestead and all lots adjoining thereto, situated in the city of Okolona, Miss., and the furniture, carpets, rugs, and other fixtures thereunto belonging, during her widowhood or natural life, except the piano, and directed that his just debts and all special devises be paid out of money received from life insurance policies before general division was made, and then directed his estate to be divided into nine equal shares, one-ninth to his wife and one-ninth to each of his children, with the exception of one daughter, Mrs. Minnie King Burkitt, and devised her share of his estate to her two minor children. After the death of the testator the executor brought an action for the recovery of one diamond and one automobile alleged to be the property of the deceased but in the possession of the widow. The diamond was worth from eight hundred dollars to two thousand dollars, and the automobile about one thousand dollars. The answer denied the right of the complainant to recover the diamond and the automobile, and asserted

that the widow was the owner of said diamond and automobile prior to the death of the testator.

On the trial the appellee proved by numbers of witnesses declarations by the decedent that he had given her the diamond and the automobile. The deceased purchased the diamond from one McGahey, a railroad conductor, paying therefor the sum of eight hundred dollars. Subsequent to this time Mr. King visited the home of Mr. and Mrs. McGahey in Mobile, Ala., and Mrs. McGahey testified that, Mr. King not having the diamond with him, she asked him why he did not have the diamond or why he was not wearing it, and he said to her that Mrs. King had the diamond; that he had given it to her as a Christmas present. She also testified that she stated to Mr. King that she thought he got a bargain in the diamond; that he said that, while he did not really need the diamond, he got it to help out Mr. McGahey and gave it to his wife as a Christmas present. Several other witnesses testified to statements by Mr. King as to his giving the automobile and the diamond to Mrs. King. Mrs. King, of course, was incompetent to testify and did not testify.

For the complainant it was proved that Mr. King usually wore the diamond, and it was also in proof that, after the death of Mr. King, Mr. Self discussed the matter with Mrs. King before the will was read, and she stated to him, according to his testimony that her husband, Mr. King, had willed her the residence and all of the personal property, and that Mr. King had said that he wanted her son to have the diamond, and that she said that no one knew about this expression except herself. It also insisted that under the statute, section 2522, Code of 1906, section 2056, Hemingway's Code, it is required that transfers of chattels between husband and wife shall not be valid unless the transfer be in writing and acknowledged and filed for record, and that the possession of the property shall not be equivalent to the filing of the writing for record, but to affect third persons the writing must be filed for record.

It is insisted, first, that the evidence is not sufficient to

show a gift from Mr. King to Mrs. King; that to constitute a gift there must be a delivery of the property involved and an acceptance by the other party to constitute a valid gift, and it is insisted that the proof is not sufficient to establish these facts.

We have examined the evidence in the record, and we think the proof sufficient to show a delivery and acceptance of both the automobile and the diamond. One of the witnesses resided in the home of Mr. and Mrs. King for a number of years and was a brother-in-law of Mr. King, being a conductor on the railroad, and spending every other night in this home, and who was in a position to know the understanding between the parties. The various declarations of Mr. King as to the gift are not disputed, but it was proven by the plaintiff that Mr. King usually wore the diamond and that this is inconsistent with the possession of it by Mrs. King. We think the gift is proven by as much testimony as would be usually available for this purpose, and that the chancellor was warranted by the evidence in reaching the conclusion that there was a gift from Mr. King to Mrs. King.

We are then brought to the question: What effect does section 2522, Code of 1906, section 2056, Hemingway's Code, have upon the transaction involved here? Does the phrase, "shall not be valid as against any third person," embrace the heirs of the deceased husband? The right of the heirs to this property depends entirely upon the ownership of the property by Mr. King at his death. They are not in the attitude of creditors, purchasers, or any other class of persons who have a claim or right in or to the property antedating the death of Mr. King. The gift between husband and wife is valid as to each of them, though not in writing, and we think that the heirs of a person asserting claim against his estate solely by reason of their heirship, or by reason of a will not specifically mentioning the property, that they stand in the shoes, so to speak, of the deceased. They are not in position to make any claim to the property that he could not make

himself if he were living. They are not third persons in such sense as to bring them within the purview of the statute. The phrase, "to affect third persons," it is true, is broad and was intended, no doubt, to embrace other persons than creditors and subsequent purchasers. It would be broad enough to embrace any right affecting the property in question that antedated the death of the testator, but we think to bring persons within the purview of the statute there must be some valid claim upon which to found a right existing prior to the death of the testator.

The chancellor held in accordance with these views, and the judgment will be affirmed.

*Affirmed.*