EVANS *v.* HOYT.

## Opinion delivered May 1, 1922.

1. EXECUTORS AND ADMINISTRATORS—VERIFICATION OF CLAIMS.—
   Crawford & Moses' Dig., § 101, requiring claims against estates
   of deceased persons to be verified, applies only to specific money
   demands due or to become due, and not to inchoate and contin-
   gent claims.

2. EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST DECEASED CO-
   PARTNER—VERIFICATION.—A bill alleging that plaintiff's and de-
   fendant's intestates were partners, and that defendant's intestate
   was indebted to plaintiff, and asking for the appointment of a
   master to state an account between such partners, is a suit on
   a contingent or inchoate claim, and need not be verified, as
   required by Crawford & Moses' Dig., § 101.

3. PARTNERSHIP—SETTLEMENT BETWEEN COPARTNERS.—No specific
   money claim or demand can exist in favor of one partner against
   another growing out of the partnership affairs until there has
   been a settlement and some amount found due from the one to
   the other.

4. PARTNERSHIP—RIGHTS OF PARTNER.—Until the affairs of a part-
   nership are wound up, the state of the account between the
   partners is inchoate and contingent.

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*Samuel M. Casey,* for appellant.

This being a suit by a partner against his deceased partner's administratrix, the probate court had no jurisdiction, and section 106, C. & M. Digest, requiring verification of the account, had no application. 57 Ark. 299; 117 Ark. 600.

The account could not be allowed by the administratrix nor by the probate court, as this court had no power to try the question of title to property or to adjust partnership accounts and make a final settlement. 116 Ark. 353; 123 Ark. 313. Such jurisdiction is vested in the chancery court.

To the effect that a verification of the claim, where one partner was seeking to recover property which the

administrator had taken charge of unlawfully, see 19 Ark. 443; 11 R. C. L. p. 279; 11 Ann. Cas. p. 1105; 50 Ark. 62.

The estate of a partner who has used the firm's assets for his own benefit becomes impressed with a lien in favor of creditors. 135 Am. St. 912.

Appellee is estopped to deny verification of the account because she waited until the day of trial to mention the matter. She should have demanded this before filing answer.

*S. C. Knight* and *Ernest Neill,* for appellee.

Appellant's claim should fail because not verified as required by statute (secs. 100 to 107, C. & M. Dig.), and as held in the following cases: 14 Ark. 246; 14 Ark. 237; 23 Ark. 604; 21 Ark. 519; 30 Ark. 756; 48 Ark. 304; 97 Ark. 546; 99 Ark. 523; 94 Ark. 60; 105 Ark. 95.

Objection to authentication may be made at any time before final judgment. 30 Ark. 756; 48 Ark. 304; 66 Ark. 327.

*T. D. Crawford* and *Samuel M. Casey,* for appellant, in reply.

Appellant was not asking for a specific money judgment against the estate—but merely that a master be appointed to state an account between the parties, therefore the nonclaim statute is not applicable. The claim was contingent and excepted from the operation of the statute of nonclaim—at least until it became due. 14 Ark. 246; 9 Ark. 412; 73 Wis. 533; 63 Ark. 218. The term "claim" as used is generally understood to mean a money demand. 80 Ala. 177; 9 Cal. 636; 52 Cal. 577; 105 Ark. 95.

HUMPHREYS, J. Appellant, A. A. Evans, filed a bill against appellee, Pearl Hoyt, in her capacity as administratrix of the estate of F. C. Hoyt, deceased, in the Independence Chancery Court, seeking to charge the estate with a large amount growing out of a partnership business for the purchase and sale of farm products, conducted under the name of F. C. Hoyt & Co., at Newark,

Ark., which was owned by F. C. Hoyt and appellant. The bill, in substance, alleged that A. A. Evans financed the concern and F. C. Hoyt managed it; that the partners were to share the profits and losses equally; that the business covered the years 1915, 1916, 1917, 1918, and until December, 1919, at which time F. C. Hoyt died; that the firm account was carried in the firm name in the First National Bank, at Newark, Ark., that in the conduct of the business F. C. Hoyt drew about 175 checks on the firm account for his individual use which were not charged on the books of the company against him; that F. C. Hoyt also used moneys belonging to the partnership to operate an individual business, and to purchase individual property, which was not charged to him on the books of the company; that he also used hay and feed belonging to the company for his individual purposes, which was not charged to him. A list of all the checks, giving the date, payee and amount of each, together with all the other items claimed, was filed as an exhibit to and made a part of the bill. The prayer of the bill was to charge the estate with the various sums and amounts used by F. C. Hoyt individually out of the partnership funds, and that a master be appointed to state an account between them.

Appellee filed an answer, denying each and every material allegation of the complaint. As additional defenses, she alleged settlements between appellant and her intestate from time to time during the period the business was conducted, and that appellant received from her intestate, or from the firm business, from time to time, sums aggregating more than appellant's interest or share in said business. On the 10th day of December, 1921, appellee, by permission of the court, amended her answer by including an allegation to the effect that the bill had not been verified as required by law, and that a verified statement of the account sued on had not been presented to appellee, as administratrix, as required by law, and upon that ground praying that the bill of appellant be dismissed. Immediately thereafter, according

to the record, the parties announced ready for trial, and the court treated the amendment to the answer as a motion to dismiss the bill, sustained the motion and dismissed the bill upon the ground that a verified statement of the account had not been filed in the action or presented to the appellee as required by law. From the decree dismissing the bill an appeal has been duly prosecuted to this court.

Appellant insists that his claim was not that character of demand embraced in section 101 of Crawford & Moses' Digest which must be authenticated by the affidavit of the claimant before suit could be brought upon it in the courts of this State. Section 101 of Crawford & Moses' Digest, in so far as it requires the claimant himself to verify a demand presented against an estate, is as follows: "The claimant shall append to his demand an affidavit of its justice, which may be made by himself or an agent, attorney or other person. If made by the claimant, it shall state that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due." The statute is dealing with the probation of claims against estates of deceased persons, and necessarily includes only claims susceptible to probate. The statute includes only specific money demands, due or to become due, and does not cover "inchoate and contingent" claims. *Walker* v. *Byers*, 14 Ark. 246. Appellant's insistence is that the claim sought to be recovered in the instant case was not for a specific money demand, but was dependent upon an accounting between the parties, and hence an inchoate contingent claim, and for that reason did not require authentication or verification as a prerequisite to the assertion of same in the courts of this State. Appellee's insistence is that the action brought is for the purpose of enforcing specific claims or items against the estate. A careful analysis and consideration of the bill has convinced us that it is an action for a partnership settlement, and not for the purpose of enforcing a specific money claim. It alleged

that appellant and appellee's intestate were partners; that appellee's intestate withdrew a large amount of money from the partnership fund for individual purposes with which he failed to charge himself on the books of the firm kept by him. The prayer of the bill was for the appointment of a master to state an account between appellant and appellee's intestate, and not for a judgment for any specific amount. The answer filed by appellee treated the bill as one for a partnership settlement. The allegations therein clearly indicate this, especially the allegation in reference to the settlements from time to time during the conduct of the partnership business, and also the allegation to the effect that appellant received from appellee's intestate, or from said firm business, from time to time, sums aggregating more than his interest or share in said business. The prayer of her answer not only asked for a dismissal of appellant's bill, but that it be treated as a cross-complaint and that the estate represented by her be allowed such amount as the court might find due her intestate. Our conclusion is that section 101 of Crawford & Moses' Digest, defining the mode of exhibiting demands against estates, has no application to actions between partners for partnership settlements. No money claim or demand can exist in favor of one partner against another until there has been a partnership settlement and some amount found due from one to the other. This is evident from the fact that a surviving partner has a right to wind up the affairs of the partnership without the intervention of proceedings in court. Until the affairs of the partnership are wound up, the state of the account between them is inchoate and contingent. Such claims are excepted from the requirements of the section of the statute pertaining to the presentation of claims against an estate to an executor or administrator.

The case of *Walker* v. *Byers*, 14 Ark. 246, cited and relied upon by appellee as controlling in the instant case, with reference to the necessity of authenticating the claim, is inapplicable, for the reason that the partner-

ship in that case had been dissolved and an account had been stated. Not so in the instant case; the action is for a partnership settlement.

For the reasons given, the decree dismissing appellant's bill is reversed and the cause remanded with directions to overrule the motion and reinstate the case.