## TANKERSLEY v. PATTERSON.

### Opinion delivered April 16, 1928.

1. EQUITY—ACCOUNTING BETWEEN PARTNERS.—In a suit for account-
   ing and settlement of partnership affairs, the jurisdiction of
   equity is practically exclusive.

2. PARTNERSHIP—MATTERS INCLUDED IN ACCOUNTING.—Items grow-
   ing out of a partnership business and necessarily included in
   rendering an accounting of the partnership affairs were properly
   embraced in the master's account and allowed by the chancellor
   in a suit for accounting, though not specifically pleaded.

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—
   The chancellor's finding in allowing items of the account of the
   partnership, held not against the preponderance of the evidence.

Appeal from Sebastian Chancery Court, Fort Smith
District; *J. V. Bourland,* Chancellor; affirmed.

#### STATEMENT OF FACTS.

R. H. Tankersley brought this suit in equity against
Sam Patterson for an accounting in a dairy partnership.
Patterson filed an answer in which he denied owing the
plaintiff on account of the partnership, and presented
certain items which grew out of the contract of partner-
ship, which he claimed he was entitled to have charged
against the plaintiff in the accounting. The chancery
court appointed a master to make a statement of the
accounts between the parties.

It appears from the record that, in October, 1923,
R. H. Tankersley and Sam Patterson formed a partner-
ship to operate a dairy near Fort Smith, Arkansas. Tank-
ersley owned the farm where the dairy was operated, the
cattle, and the dairy equipment. Patterson was to furnish
all the labor, manage the dairy, and account to Tanker-
sley each week for his share of the profits. The profits
were to be divided equally between the partners. The
partners bought a truck for delivery purposes out of the
profits of the business. The business was operated in
this way until about October 1, 1926, when Tankersley
accused Patterson of withholding money which had been
earned in the partnership business. During the whole
of the three years the partners had made weekly settle-

ments, and Tankersley had accepted the statements made by Patterson. During this time the cattle had increased from twenty to fifty-six in number.

The chancellor sustained certain exceptions to an itemized statement of the account rendered by the master, and a decree was rendered in accordance with the opinion of the court. The finding and decree of the chancery court were in favor of the defendant, Patterson; and to reverse the decree the plaintiff, Tankersley, has duly prosecuted this appeal.

*Warner, Hardin & Warner,* for appellant.

*A. A. McDonald,* for appellee.

HART, C. J., (after stating the facts). It is first contended by counsel for the plaintiff that the decree should be reversed because some of the items allowed by the chancellor were not embraced in the cross-complaint of the defendant. We do not deem it necessary to discuss this contention at length. As we have already seen, the plaintiff brought this suit in equity against the defendant for an accounting of their partnership in running a dairy. The undisputed evidence shows that they were to divide the profits equally. The plaintiff was to furnish the cows, equipment and dairy farm; and the defendant was to manage the dairy, and to furnish all the labor and feed. It is well settled in the law of partnership that, in a suit for an accounting and settlement of the partnership affairs, the jurisdiction of equity is practically exclusive. *Short* v. *Thompson,* 170 Ark. 931, 282 S. W. 14. All the items embraced in the account of the master and found by the chancellor were items growing out of the partnership. Hence they were necessarily included in rendering an account of the partnership affairs. They grew out of the partnership business, and were necessary in the adjustment of the partnership accounts. Hence it does not make any difference whether they were specifically pleaded or not.

One of the principal items relied upon by the plaintiff for a reversal of the decree was that the chancellor erroneously allowed the defendant $24 for one-half of

the manure hauled away from the dairy farm. As we have already seen, the dairy was conducted upon the farm of the plaintiff, and the proceeds were to be divided equally between the partners. Tankersley testified that he specifically reserved the manure. Patterson testified that nothing was said about the manure, and that it was necessary to have it hauled away from the dairy farm so that the dairy could be successfully and practically operated. The evidence for the defendant shows that 64 loads of manure were hauled away from the dairy farm by a tenant of the plaintiff, and spread on his farm. It was shown by the testimony of another witness that the owner of a dairy in the same vicinity had paid seventy-five cents a load to have manure hauled on his land. There were 64 loads hauled away from the dairy farm and spread over the land of the plaintiff which was cultivated by one of his tenants. This would have amounted to $48, and the chancellor was justified in finding that the defendant was entitled to a credit of $24 for one-half of the manure hauled away from the dairy farm as being the value of hauling the manure from the dairy farm and spreading it upon the farm of the plaintiff.

The court also allowed Patterson the sum of $32, which was for his services in repairing a house and fence belonging to the plaintiff. According to the testimony of the defendant, he was required to make these repairs, and they were necessary in order to preserve the property and to keep it fit for use in the partnership business. Hence it cannot be said that the findings of the chancellor on these items were against the preponderance of the evidence.

We do not deem it necessary to set out or discuss in detail the various items allowed to the respective parties by the chancellor. They were very small amounts, and in no instance can it be said that the finding of the chancellor was against the weight of the evidence. The plaintiff commenced this action against the defendant on the theory that the defendant had not accounted to him in the weekly settlements for an equal division of the profits

of operating the dairy which were in his hands.   The plaintiff, however, was unable to furnish proof in support of his complaint, and for that reason failed to maintain his suit.

The findings of fact made by the chancellor cannot be said to be against the weight of the evidence; and, according to our settled rule in such cases, the decree must be affirmed.