HOLLOWAY *v*. MORRIS.

Opinion delivered January 19, 1931.

*C. V. Holloway,* for appellant.

*Price Shofner,* for appellee.

HART, C. J. Appellant prosecutes this appeal to reverse in part a foreclosure decree for real estate, declaring another mortgage on it a prior lien.

The record shows that C. M. Flynn and Nath Morris were engaged in the mercantile business as partners, which partnership was terminated by the death of Nath Morris July 15, 1919. The interest of decedent in the partnership was inherited by his four children. According to the testimony of C. M. Flynn, he and the heirs of

Nath Morris, deceased, entered into a written contract under which they were to give mortgages to each other to secure any indebtedness the court might find would be due from one to the other in winding up the Morris and Flynn partnership. Flynn gave a mortgage to E. E. Morris, Jr., under the terms of the contract. On November 2, 1923, in compliance with the contract, E. E. Morris, Jr., gave to C. M. Flynn a mortgage on the land in question for the purpose of securing him to the extent of one-fourth of the liability that might be found to be due him when the affairs of said partnership were completely wound up. This mortgage was filed for record on February 14, 1924. A suit for accounting was commenced in the Lonoke Chancery Court on July 14, 1924, but the record does not clearly show which of the interested parties brought the suit.

There was a mortgage executed on the land in question by E. E. Morris, Jr., to Morris & High to secure an indebtedness due them on January 30, 1924, and this mortgage was duly assigned to C. V. Holloway on March 28, 1925. The chancellor found that there was due the sum of $423.12 on this mortgage, and it was held to be a prior lien on the land in question. Hence no further reference need be made to it.

The court further found that there was due appellant $810 on a subsequent mortgage transferred to him which had been duly filed for record December 17, 1924, on the land in question. The court held that this amount was a junior and subsequent lien to the C. M. Flynn mortgage which had been filed for record February 14, 1924.

The question of the priority of these mortgages is the only issue to be determined by the appeal. The record shows that the mortgage from E. E. Morris, Jr., to C. M. Flynn was filed for record before a mortgage which was transferred to appellant. This is conceded, but it is insisted that the Flynn mortgage is barred by the statute of limitations.

The partnership of Morris and Flynn was dissolved by the death of Nath Morris, and C. M. Flynn, as surviving partner, became, entitled to the possession and management of the firm property for the purpose of settling the partnership accounts. *Hill* v. *Draper,* 54 Ark. 395, 15 S. W. 1025.

No specific money claim or demand can exist in favor of one partner against another growing out of the partnership affairs until there has been a settlement and some amount found to be due from one to another. Hence, until the affairs of the partnership are wound up, the state of the account between the partners is inchoate and continuous. *Evans* v. *Hoyt,* 153 Ark. 334, 240 S. W. 409.

In this view of the matter, it will be seen that the statute of limitations has not run on the settlement of the partnership indebtedness because the parties have not entered into an agreement between themselves, and there has been no judgment in the court settling the partnership affairs.

The case of *Williams* v. *Walker,* 148 Ark. 49, 229 S. W. 28, has no application for the reason that the partnership in that case was not dissolved by death. When a partnership is dissolved by the agreement of the parties, the statute of limitations of three years will commence to run; but in case the partnership is dissolved by the death of one of the partners, as we have already seen, the surviving partner has the right to take charge of the partnership assets and to take charge of the accounts. If the surviving partner does not make a settlement within a reasonable time, the heirs of the deceased partner or his representative may bring an action in the chancery court to compel a settlement. Such action seems to have been brought in the present case on the 14th day of July, 1924, but it does not appear which one of the parties brought it. This is immaterial, however, for the bringing of the suit shows that there has been no settlement of partnership affairs. No proof of laches on the part of Flynn is made. This is also conclusively

shown by the mortgage which was executed by E. E. Morris, Jr., one of the heirs of Nath Morris, to C. M. Flynn, to secure him for any indebtedness that he might be owing the partnership when a settlement should be made of the partnership affairs. The fact that this mortgage was executed in November, 1923, and filed for record on February 14, 1924, shows that it was recognized by all the parties in interest that there had been no settlement of the partnership affairs at that time.

It is well settled that the statute of limitations does not begin to run in any case until there is a complete and present cause of action. *Cairo & Fulton Rd. Co.* v. *Parks,* 32 Ark. 131; and *Louisville Silo & Tank Co.* v. *Thweatt,* 174 Ark. 437, 295 S. W. 710.

In the present case, the statute of limitations will not commence to run against the Flynn mortgage until there has been a settlement of the partnership accounts in the chancery court where suit was brought for that purpose. Therefore, the decree will be affirmed.