David COURTNEY v. FIRST NATIONAL BANK of
Eastern Arkansas

89-248                                              780 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*James W. Smith*, for appellant.

*John D. Bridgforth*, for appellee.

JOHN I. PURTLE, Justice. The circuit court dismissed the appellant's counterclaim because it was not filed within the time permitted by the statute of limitations. The sole argument on appeal is that the court erroneously applied the three-year statute of limitations, Ark. Code Ann. § 16-56-105 (1987), to this cause of action. We hold that the trial court correctly applied the three-year statute.

This action commenced on December 8, 1987, when the appellee, First National Bank of Eastern Arkansas, filed a foreclosure suit against Rodney, Incorporated, and the appellant, David Courtney. The appellant filed an answer and a counterclaim against the appellee, alleging negligence in the issuance of a certificate of deposit. The appellee issued a certificate of deposit on October 13, 1982, in the amount of $10,000, in the names of Richard or David Courtney. Richard Courtney, the appellant's father, died intestate on April 21, 1986.

A dispute arose over the claim of ownership to the certificate

of deposit. David Courtney claimed that it was his property and that it should be payable to him upon his father's death. The probate court, however, held that the certificate of deposit belonged to the estate of Richard Courtney. The decision of the probate court was appealed to this court and was affirmed in *Courtney v. Courtney*, 296 Ark. 91, 752 S.W.2d 40 (1988).

The counterclaim in the foreclosure action was filed on January 19, 1988. The appellee filed an amended answer to the counterclaim, alleging the affirmative defense of the three-year statute of limitations set forth in Ark. Code Ann. § 16-56-105.

The counterclaim was transferred from chancery to circuit court for trial. The circuit court found as a matter of law that the counterclaim was based on the tort of negligence, which arose from the bank's failure on October 13, 1982, to obtain a separate writing concerning the payable-on-death clause of the certificate of deposit. Therefore, the court held, the three-year statute of limitations had expired before the counterclaim was filed.

The sole issue in this appeal is whether the trial court erred in holding that the three-year statute applied. We held in *Hunter v. Connelly*, 247 Ark. 486, 446 S.W.2d 654 (1969), that a cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time. See also *Holloway v. Morris*, 182 Ark. 1096, 34 S.W.2d 750 (1931), where we stated: "The statute of limitations begins to run when there is a complete and present cause of action."

The appellant relies on the case of *The Corning Bank v. Rice*, 278 Ark. 295, 645 S.W.2d 675 (1983). There is, however, a distinction between *Corning Bank* and the present case. In *Corning Bank*, Melvin Rice owned several certificates of deposit payable on death to his brother, Marlin Rice. The controversy arose between Marlin, the third party beneficiary, and Bobby Rice, the administrator of Melvin's estate. In that case we quoted with approval the words of the trial court:

> "In this instance, Melvin Rice clearly intended that at his death his brother was to have the proceeds and the bank by the testimony of its own employees and former employees admits that it attempted to comply with his wishes.

> Unfortunately, the bank simply did not comply with the provisions of Section 67-552, Arkansas Statutes Annotated, and it is not incumbent upon the deposit to insist that the provisions of that statute are complied with because the average layman has absolutely no knowledge of the statute."

Clearly, the negligent acts complained of in *Corning Bank* occurred after the death of the purchaser of the certificates of deposit. In the present case, when Richard and David Courtney purchased the certificates of deposit, the instruments were made payable to Richard or David Courtney. The father and son did not sign a separate document providing for the proceeds to go to David at Richard's death or vice versa.

The appellant's brief contends that his cause of action did not accrue until this court affirmed the decision of the probate court. Our opinion was not issued until June 20, 1988. The counterclaim, which was filed on January 19, 1988, alleged that on October 13, 1982, David Courtney renewed a certificate of deposit in the amount of $8,000, along with $2,000 in cash, and secured a certificate of deposit in the amount of $10,000 in the name of Richard or David Courtney. According to the counterclaim, at that time "David Courtney informed said defendant bank that said certificate of deposit should be a joint tenancy with right of survivorship. Said bank negligently failed to inform counterclaimant Courtney that other papers had to be executed in order that there be a tenancy by the entirety." The counterclaim was obviously grounded on negligence arising from the appellee's acts on October 13, 1982.

Lack of knowledge of a cause of action does not stop the statute of limitations from running unless there has been fraud or concealment by the person invoking the defense of limitations or if the statute is otherwise tolled. *Ford's Inc.* v. *Russell Brown & Co.,* 299 Ark. 426, 773 S.W.2d 90 (1989); *Stroud* v. *Ryan,* 297 Ark. 472, 763 S.W.2d 76 (1989); and *Riggs* v. *Thomas,* 283 Ark. 148, 671 S.W.2d 756 (1984). The *Riggs* case involved a suit against an attorney who issued a title opinion and failed to note that the seller did not have title to the minerals. An action was brought against the attorney four years later, and that court held that the three-year statute of limitations applied. In *Ford's Inc.,*

he held that the action matured when an accountant gave erroneous advice to the client, although the error was not discovered until several years later. We held that the cause of action occurred on the date the erroneous advice was given rather than at the time of its discovery four years later. Again, the three-year statute of limitations barred recovery.

In another attorney malpractice case, we held that the statute of limitations begins to run at the time the act of malpractice occurs, not from the time it is discovered. *Stroud* v. *Ryan*. Although there was an excludable period of time in the *Stroud* case, which tolled the statute of limitations, we nevertheless did not depart from the basic rule that the statute of limitations commences to run at the time the negligent act occurs.

In the present case, the appellee neither concealed its acts nor defrauded the appellant in any manner relating to its failure to follow his instructions in issuing the certificate of deposit. It was incumbent upon the appellant to see that the bank followed his instructions. If they failed to do so, the negligent act must be said to have occurred at that time. The appellant was, after all, a party to the transaction of which he now complains.

The action of the circuit judge in applying the three-year statute of limitations is affirmed. The case is remanded with directions to transfer it to equity for proceedings in the foreclosure action.