Walter HEDLUND and Leone Hedlund *v.* Charles O.
HENDRIX and Norma S. Hendrix

CA 92-106                                    837 S.W.2d 488

Court of Appeals of Arkansas
Division I
Opinion delivered September 30, 1992

*Ridgeway & Breckenridge*, by: *Robert D. Ridgeway, Jr.*, for appellant.

*Hargraves & McCrary,* by: *Robert S. Hargraves*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Walter and Leone Hedlund appeal from an order dismissing their complaint, contending that the trial court erred in finding that their cause of action showed on its face that it was barred by the statute of limitations. We affirm.

On August 2, 1991, appellants filed their complaint alleging that on February 7, 1985, appellee Charles O. Hendrix guaranteed payment of a promissory note payable to appellants in the amount of $143,500.00. Appellants alleged that they subsequently released appellee from his guaranty in consideration of Martha J. Vest and Jerry C. Husley executing an agreement substituting themselves for appellee as guarantors of the note. The complaint alleged that the substituted guaranty was null and void in that the signature of Martha J. Vest was a forgery and that Jerry C. Husley had subsequently been discharged in bankruptcy by the United States Bankruptcy Court. It further alleged that the release of appellee from his guaranty was likewise null and void because of a lack and failure of the consideration for the substitution of the new guaranty, and that appellee therefore remained liable as guarantor of the note. Appellants prayed for judgment against appellee for the full amount of the note with accrued interest.

Appellee filed a timely motion to dismiss the complaint on grounds that it failed to state facts upon which relief could be granted and that it showed on its face that the cause of action against him was barred by the statute of limitations. On Septem-

ber 24, 1991, the court entered its order of dismissal. It concluded that the release dated June 21, 1986, constituted an absolute bar to the cause of action on the note, because appellants had failed to bring an action to cancel that document within the time permitted by law, and that the complaint therefore failed to state facts on which relief could be granted.

Appellants contend that the court erred in holding that their cause of action was barred by the statute of limitations. They argue that the suit was one to collect on the note and not for cancellation of the release, and that the proper statute of limitation to apply would be five years from the date the note became due rather than five years from the date on which the release was executed. We do not agree.

On June 21, 1986, appellants executed a written document releasing appellee from all obligations as guarantor of the note. Until voided or cancelled, the document releasing appellee from his guaranty would constitute a complete defense to an action on the guaranty. The initial issue for the chancellor to determine was whether the appellants' attack on that release for failure of consideration had been asserted within the period of limitation.

It is well settled that a statute of limitations begins to run when a complete and present cause of action first arises. *Hunter* v. *Connelly*, 247 Ark. 486, 446 S.W.2d 654 (1986); *Holloway* v. *Morris*, 182 Ark. 1096, 34 S.W.2d 750 (1931). The true test in determining when a cause of action arises or accrues is to establish a time when a plaintiff could have first maintained the action to a successful conclusion. *Davenport* v. *Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991). A cause of action to cancel a written instrument arises when the ground for its cancellation first occurs. *Burns* v. *Burns*, 199 Ark. 673, 135 S.W.2d 670 (1940).

As the alleged forgery in this case existed on the date that the release was executed, the cause of action for cancellation arose when the release was executed, which was more than five years prior to the commencement of this action. Unless the period of limitations was tolled or otherwise suspended, the action to cancel the release was barred by limitations.

Appellants contend that they did not know they had a

cause of action for cancellation until after they obtained the affidavit of Ms. Vest that her signature on the substituted guaranty was not genuine. However, it is well settled that one's ignorance of the existence of his cause of action does not prevent the statute of limitations from running, unless his ignorance is due to fraudulent concealment or misrepresentation on the part of the one seeking to invoke the statute. *Courtney* v. *First National Bank*, 300 Ark. 498, 780 S.W.2d 36 (1989); *Hunter* v. *Connelly, supra*; *Smith* v. *Olin Industries*, 224 Ark. 606, 275 S.W.2d 429 (1955). Here, there was no allegation that appellee was aware of the alleged forgery, in any way attempted to conceal the facts, or was a party to any fraud practiced on appellants in the procurement of either the substituted guaranty or his release.

■ Appellants additionally contend that, as the complaint also prayed for a judgment against appellee as guarantor of the note, the court should consider the statute of limitations as running only from the date the note became due. In support of their position, they rely on those cases holding that where there is a reasonable doubt as to which of two statutes of limitations applies to a particular cause of action or proceeding, it will generally be resolved in favor of the statute containing the longer period of limitations. *See Dunlap* v. *McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); *Broadhead* v. *McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986).

■ Although this is a well-established rule, it is applied only in those cases where two or more statutes of limitations may be applicable to the same cause of action. The rule has no application to the case at bar. Here, appellants' complaint contained two separate causes of action — one to cancel the instrument releasing appellee from his guaranty and a second seeking judgment for the amount of the promissory note for which appellee was the original guarantor. *See* Ark. R. Civ. P. 18(c). Appellants could not prevail on the second cause of action unless they were first successful in cancelling the release that otherwise constituted a complete defense to the second cause. Although there were two causes of action, there is only one statute of limitations applicable to the cancellation issue. That statute began to run from the date that cause of action first arose.

■ We conclude that the trial court correctly ruled that the

statute of limitations had run on appellants' cause of action to cancel the release. The release remained and was a complete bar to any action on the guaranty, and appellants' complaint, therefore, failed to state facts on which relief could be granted.

Affirmed

JENNINGS and DANIELSON, JJ., agree.