Karl W. SCHWARZ *v.* COLONIAL MORTGAGE COMPANY, Randy H. Thomason, Kelly A. Thomason, Steven Murphy, and Delores Murphy

96-458                                                    931 S.W.2d 763

Supreme Court of Arkansas
Opinion delivered October 28, 1996

*T.B. Patterson, Jr., P.A.*, for appellant.

*Marian M. McMullan, P.A.*, for appellees Colonial Mortgage Co., Randy H. Thomason, and Kelly A. Thomason.

ROBERT L. BROWN, Justice. This is an appeal from an order of summary judgment. Appellant Karl Schwarz contends that the chancellor erred in applying the statute of limitations for cancellation of instruments, which is five years, to an ejectment matter as opposed to the statute for removal of a person from land, which is seven years. We agree that the wrong statute of limitations was applied, and we reverse the order of summary judgment and remand for trial.

In March 1976, Karl Schwarz and his wife, Lois Love Schwarz, purchased Lot 11 of the Hilltop Manor Addition in Little Rock (Lot 11) as tenants by the entirety. In January 1985, the Schwarzes separated, Karl Schwarz moved out of the home, and a divorce action was filed. In the resulting divorce decree dated September 12, 1985, Karl Schwarz was ordered to quitclaim his interest in the marital home to Lois Schwarz, who later resumed using her maiden name of Lois Love. He did not do so.

At a March 19, 1986 hearing to show cause why Schwarz should not be held in contempt for failure to comply with the order, Schwarz was faced with the choice of either signing a quitclaim deed conveying his interest in Lot 11 to Lois Schwarz or facing incarceration for 90 days. After discussing the matter with counsel, he signed a quitclaim deed which contained an incorrect legal description: Lot 10, rather than Lot 11, Hillside Addition to the City of Little Rock. Schwarz admits that he did this knowingly and for the purpose of conveying no legal interest. The quitclaim deed was then recorded.

On October 23, 1986, Lois Schwarz, now Lois Love, conveyed Lot 11 to appellee Randy H. Thomason, and in the process, outstanding notes secured by mortgages were satisfied. The deed was recorded on October 28, 1986. As part of the purchase price, Randy Thomason executed a promissory note in favor of Pinnacle Mortgage Company, which was secured by a deed of trust on the property executed by both Randy Thomason and his wife, Kelly A. Thomason. The note was subsequently assigned to Appellee Colonial Mortgage Company.

In March 1987, Schwarz was informed by the Pulaski County Circuit Clerk that a "correction deed" conveying Lot 11 to Lois Schwarz and bearing his signature had been recorded on April 7, 1986.

In September 1988, Lot 11 was conveyed by the Thomasons to appellees Steven Murphy and his wife, Delores Murphy. The Murphys assumed payment of their note and executed a note in favor of Randy H. Thomason and a second mortgage on the property.

On October 22, 1993, Schwarz filed a *lis pendens* and an action for ejectment or, in the alternative, a partition of the property in Pulaski County Circuit Court on the basis that the "correction deed" purportedly signed by him was a forgery. An amended and substituted complaint later named the Thomasons, the Murphys, the trustee or successor trustee of the deed of trust, and Colonial Mortgage Company as defendants. On July 26, 1994, Colonial Mortgage filed an action in Pulaski County Chancery Court to quiet title due to Schwarz's forgery allegations and for foreclosure and named as defendants the Thomasons, the Murphys, any unknown tenants of the property in question, and Karl Schwarz. On motion by the Thomasons, the circuit court transferred the ejectment/partition suit to chancery court for consolidation with the foreclosure action.[1]

Once in chancery court, appellees Colonial Mortgage and the Thomasons moved for partial summary judgment on Schwarz's ejectment/partition claim. For purposes of the summary judgment motion, the chancellor found the "correction deed" conveying Lot 11 to Lois Schwarz to be a forgery. The chancellor then granted the motion because the complaint was filed outside of the time for filing an action for cancellation of an instrument. Her order reads in part:

In order for Schwarz to prevail on his cause of action for ejectment or partition, Schwarz must first cancel the Correction Deed in the record chain of title. `

---

[1] The circuit court in its amended order erroneously stated that it was consolidating the two matters while directing the circuit clerk to transfer the ejectment/partition case to chancery court. The chancellor corrected this in her order and consolidated the two matters following the transfer.

> The Court finds that the period of limitations for cancellation has expired and, therefore, Schwarz has lost his opportunity to set aside the Correction Deed.

In reaching this conclusion, the chancellor specifically relied on *Hedlund* v. *Hendrix*, 39 Ark. App. 58, 837 S.W.2d 488 (1992). The chancellor also awarded Colonial Mortgage judgment and a first lien in the foreclosure action and judgment and a second lien to appellee Randy H. Thomason.

## I. Jurisdiction

■■ We first address whether chancery court had jurisdiction of this matter, though this issue was not raised by the parties. The initial action in circuit court was for ejectment or, alternatively, for partition. The action was premised on an allegation that the "correction deed" was forged. Ejectment lies in law. *Carter* v. *Phillips*, 291 Ark. 94, 722 S.W.2d 590 (1987). Partition may be filed in either law or equity. Ark. Code Ann. § 18-60-401 (1987). After Colonial Mortgage filed its action to quiet title and its foreclosure action in chancery court, the ejectment/partition suit was transferred to chancery court and consolidated.

■ Because the initial action in circuit court contained a claim for partition as well as ejectment, a basis for equitable jurisdiction was present. In addition, counsel for appellees Colonial Mortgage and the Thomasons sought to quiet title in their litigation in chancery court caused by the cloud on title created by the ejectment lawsuit. They further raised equitable claims such as laches and estoppel as defenses to Schwarz's ejectment claim at the hearing before the chancellor. *See Robertson* v. *Chronister*, 196 Ark. 141, 161 S.W.2d 1048 (1938). We do not know whether these same defenses were raised in the appellees' answer to the ejectment action, since the answer was not designated as part of the record. We conclude that the chancellor correctly assumed jurisdiction of this matter.

## II. Statute of Limitation

Schwarz argues on appeal that the statute of limitation for cancellation of instruments has no bearing on this case. That statute reads in pertinent part:

> (a) Actions on promissory notes and other instruments in writing not under seal shall be commenced within five (5) years after the cause of action shall accrue, and not thereafter.

However, partial payment or written acknowledgment of default shall toll this statute of limitation.

Ark. Code Ann. § 16-56-111(a) (Supp. 1995).

■ Schwarz urges that § 16-56-111(a) essentially applies to cancellation of contracts and negotiable instruments. We agree. The only instances in which this statute has been applied to a cause of action to establish title to real property is where a party has sued on a contract contained within the deed. *See, e.g., Woods* v. *Wright,* 254 Ark. 297, 493 S.W.2d 129 (1973) (requiring the appellant to specifically perform a contract of sale entered into between the appellee and the appellant's grantor); *Daniels* v. *Johnson,* 234 Ark. 315, 351 S.W.2d 853 (1961) (suit to foreclose on mortgage, not a deed); *Federal Land Bank* v. *Miller,* 184 Ark. 415, 42 S.W.2d 564 (1931) (limitations for cancellation of instrument applied to grantee's promise to take care of grantor for life).

■ The chancellor placed great weight on the decision by the Court of Appeals in *Hedlund* v. *Hendrix,* 39 Ark. App. 58, 837 S.W.2d 488 (1992). We do not agree that that case is controlling. The issue in *Hedlund* was whether a lawsuit to cancel a release of a guarantor from a guaranty obligation on a promissory note had to be filed within five years under § 16-56-111(a). The Court of Appeals held that it did. That is a totally different situation from the case before us. First, *Hedlund* involved a guaranty of a negotiable instrument. Secondly, it was necessary for the release in *Hedlund* to be cancelled before a cause of action could accrue against the guarantor. In the instant case, Schwarz maintained that the "correction deed" was forged, and the chancellor assumed the forgery for purposes of summary judgment. The law is clear that a forged deed cannot divest a person of an estate in land. *See Coulter* v. *Clemons,* 237 Ark. 227, 372 S.W.2d 396 (1963); *Williams* v. *Warren,* 214 Ark. 506, 216 S.W.2d 879 (1949); *Hall* v. *Mitchell,* 175 Ark. 641, 1 S.W.2d 59 (1927). Thus, Schwarz still had good title, and the forged "correction deed" was not a bar to Schwarz's pursuit of an ejectment action. We see no basis for the chancellor's conclusion that the "correction deed" first had to be cancelled by Schwarz when Schwarz contended the deed was a forgery.

■ We conclude that the seven-year statute of limitation for recovery of lands, contained in Ark. Code Ann. § 18-61-101 (1987), applies to this case. That statute provides in relevant part:

No person or his heirs shall have, sue, or maintain any action or suit, either in law or equity, for any lands, tenements, or hereditaments after seven (7) years once his right to commence, have, or maintain the suit shall have come, fallen, or accrued. All suits, either in law or equity, for the recovery of any lands, tenements, or hereditaments shall be had and sued within seven (7) years next after the title or cause of action accrued and no time after the seven (7) years shall have passed.

Ark. Code Ann. § 18-61-101(a) (1987).

■ The appellees argue as an alternative ground for affirmance that Schwarz did not meet proof with proof with respect to whether his signature on the correction deed was forged. This argument belies the plain language of the chancellor's order: "For purposes of [Appellees'] Motion for Summary Judgment only, the [C]ourt has construed the signature of Karl Schwarz on the Correction Deed as a forgery, as Schwarz has alleged." Presenting proof of forgery was clearly not necessary.

■ The appellees also advance the argument that the ejectment action is barred by Ark. Code Ann. § 18-61-103 (1987), which provides:

No action of ejectment, *when the plaintiff does not claim title to the lands*, shall be brought or maintained when the plaintiff, or his testator or intestate, has been five (5) years out of possession.

*Id.* (emphasis added). This argument does not apply to this case because Schwarz does claim title to Lot 11. *See Sutton v. Lee*, 181 Ark. 914, 917, 28 S.W.2d 697 (1930).

■ The appellees raise other arguments which we also take to be alternative grounds for affirming the chancellor. They contend that Schwarz is still under a binding court decree to grant Lot 11 to his former wife. Yet, no party in this matter has sought to enforce the original divorce decree, and Lois Schwarz is not a party to the consolidated litigation. The appellees further contend that Schwarz ratified the forged correction deed by accepting the benefit of satisfied notes and mortgages on Lot 11 and by waiting so long to file suit. Whether a ratification occurred or whether the defenses of laches or estoppel have merit are matters which require further

development before the chancellor in our opinion. In reviewing the propriety of an order of summary judgment, we will not affirm a trial court on alternative grounds when those grounds require additional fact finding.

This case is a troubling one because of the conduct of Karl Schwarz in executing an erroneous deed and because the "correction deed" may have been forged. Nevertheless, we are convinced that § 16-56-111(a) is inapplicable and that summary judgment was inappropriate.

Reversed and remanded.