REEDY *et al. v.* ALEXANDER.

(Division B.   May 19, 1947.   Suggestion of Error Overruled Sept. 22, 1947.)

[30 Co. (2d) 599.   No. 36467.]

**Ernest Kellner**, of Greenville, for appellants.

84

**Everett & Sanders**, of Indianola, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

On or about July 27, 1944, J. L. Alexander died intestate in Sunflower County, Mississippi, survived by his widow, Mrs. Bonnie B. Alexander, appellee here, and his three married daughters by a former marriage, appellants here. Letters of administration were issued to the widow, who duly qualified.

As administratrix she employed a solicitor and at the time informed him that certain personal property, apparently part of the estate of her deceased husband, was, as a matter of fact, her own. This solicitor told her to employ a personal attorney to prosecute her claim, if she intended to do so, as he could not, for the reason he was representing her as administratrix. This she did. By order of the Chancery Court the involved property was sold, and she was granted the right to receive the proceeds of that part to which she was entitled as her own, in lieu of the actual property, upon proof of her right to it.

Accordingly, she filed a written claim "to the proceeds of certain personal property, hereafter set out, which property was sold by an order previously made, which order however protected her rights to claim the proceeds

of the sales of said property, in lieu of the property itself.'' Thereto were exhibited two bills of sale to her, executed by her husband, because of which she claimed a considerable amount of farm equipment and livestock. There was no process asked or served.

Appellants filed no answer or contest directly addressed to the foregoing petition by appellee, but before the Chancellor had acted thereon, they filed their own petition praying that such property be established as part of the assets of the estate of their deceased father, naming therein no one as respondent, asking no process thereon, and not waiving answer under oath. In addition to seeking the farm equipment and livestock, supra, the petition also sought to have declared property of the estate, one man's diamond ring; one 1942 Dodge coupe; all household furniture; and proceeds of all agricultural crops of all kinds for the year 1944, especially the proceeds of the oat crop, $2,008.55.

Appellee answered this petition under oath, averring that the farm equipment and livestock were her property, because of the aforesaid two bills of sale from her deceased husband; the diamond ring was hers as a gift from him; the Dodge car was hers by virtue of a trade whereby her deceased husband transferred it to her, so she would dispose of her own Plymouth car. Both cars were not then needed by them, as he was bedridden; and, the check for the oat crop was given her by him to buy a home for herself after his death, since he owned none to leave her. She claimed, also, in her answer that when she and her husband married he had only a small amount of furniture, ''and that she and her husband purchased furniture, which was her individual property; that if her husband had any right or title therein, such right and title was conveyed to her by the bill of sale of September 10th, 1938; that the insurance thereon was carried in her name; that no particular furniture is claimed by the petitioners.'' Her answer further said that the attorney for the estate, in listing the property for sale, did not

include any furniture therein, and if she had any articles of furniture belonging to petitioners, "she is ready and willing for them to be sold by the estate and to account to this Court for their proceeds." This answer exhibited with it her petition for the proceeds of the sale, supra, to which were exhibited the two bills of sale, as already stated.

The Chancellor placed the entire burden upon appellants, but we are of the opinion that the burden of proof was upon them only to prove that the farm equipment and livestock listed in the bills of sale, and the furniture, belonged to their deceased father, at his death. The proof, on that issue, sustained the claim of appellee. However, as to the alleged gifts to appellee of the diamond ring and the check for $2,008.55, we are of the opinion that the burden of proof was upon appellee to prove herself the donee thereof. The burden of proof was likewise upon appellee, in our judgment, to establish that she had acquired title to the Dodge car by virtue of the alleged transaction with her husband involving her own Plymouth car. She introduced no proof, at the trial.

At the conclusion of the evidence appellee moved the Court to exclude all of it, and enter a decree dismissing the petition of appellants. This motion was sustained. Probably the Court's action was prompted by a conception that appellee's sworn answer was conclusive proof of its averments, since oath to it was not waived in appellants' petition. The bills of sale were sufficiently proven in favor of appellee, we think, and appellants made no proof as to the furniture. So the Chancellor was correct in excluding the evidence and dismissing the petition for the furniture and the farm equipment and livestock. He was wrong as to the diamond ring; the Dodge car; and the check for $2,008.55. We revert to this phase of the case, post.

The answer of appellee set up affirmative matter to sustain her claimed rights to the three last items, and she should, therefore, have been put to the proof as to them.

Strangely, all parties treated the claim of appellee to the proceeds of the sale, as a *probated claim,* which it was not. It is what its averments and prayer make it,—a petition for the proceeds of certain property sold by the administratrix, in lieu of the property itself, filed by leave of the Chancellor in the administration of the decedent's estate. The claim was not for payment of a debt out of the general funds of the estate.

The statute, Code 1942, Sec. 569, embraces "all claims against the estate of deceased persons, whether *due or not.*" It would be expanding that language beyond the bounds of reason to hold a claim to the proceeds of the sale of personal property of an estate to be a debt owing by the decedent. The term "claim" in statutes relating to claims against estates includes not only debts already due, but unmatured debts. Roth v. Ravich et al., 111 Conn. 649, 151 A. 179, 74 A. L. R. 364. It applies only to specific money demands due or to become due and not to inchoate and contingent claims. Evans v. Hoyt, 153 Ark. 334, 240 S. W. 409.

The Supreme Court of Minnesota decided that a demand for a whole or a part of the estate is not a "claim" against it, since "claim" against the estate (which is the language of our statute) of a deceased person is a demand of a pecuniary nature, which could have been enforced against decedent during his lifetime. In Re Brust's Estate, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852. We approve that announcement. See also 34 C. J. S., Executors and Administrators, Sec. 367, Claims, page 95. The case before us is a controversy over definite tangible chattels. That the petition had the oath of probate attached to it, and the Clerk certified it had been probated, registered and allowed, did not convert it to a probatable or probated claim. Both petitions were matters in the course of the administration of Mr. Alexander's estate, and neither required any answer.

Section 1281, Code 1942, provides that in matters testamentary, among others, no answer shall be required to

any petition, and such petition shall not be taken as confessed because of the want of an answer, but every such petition shall be supported by the proper evidence. It may be contested without an answer, and such proceedings shall be as summary as the statutes regulating them require. However, when "either of the parties having a controversy in court as to any of said several matters shall require, and the court shall see proper, it may direct plenary proceedings by bill or petition, to which there shall be an answer, on oath or affirmation." Failure then to answer authorizes the taking of the bill as confessed. Neither of the parties hereto "required" an answer, nor did the court "direct" it. So failure of appellants to waive oath to appellee's answer, and her oath to it, should have had no weight in the Chancellor's adjudication of the issues.

But, let us assume for the sake of argument only, that the case was heard on bill and answer. Even so the Chancellor was not justified in the conclusiveness he accorded the sworn answer of appellee. Her claims to the property were affirmative averments of ownership. However, such affirmative averments in an answer are not evidence and must be proved, aliunde the answer. Sections 570, 571, note 67, pages 629 and 630, Griffith's Chancery Practice. Again we point out that appellee offered no evidence here, since the Chancellor, on her motion, excluded the evidence of appellants and dismissed their petition.

Had appellants appeared and contested the petition of appellee as to the proceeds of the farm equipment and livestock, the burden there would have remained upon her. But they did not do so. They filed a petition of their own, claiming this property to be assets of the estate (to which each of them would be entitled to a fourth). They, therefore, eased that burden from appellee and assumed it themselves. Yet a contest merely of appellee's petition would have left unchallenged her possession of the diamond ring, the Dodge coupe, the check for

$2,008.55, and the furniture. So, appellants naturally went after all of it, but with the resultant complications, as shown.

Appellants further assign as error that the trial court excluded part of the testimony of appellant Mrs. W. E. Reedy, a daughter and one of appellants, as to the physical and mental condition of her deceased father during his last illness, for the reason that her testimony would tend to establish her claim. Section 1690, Code 1942. In support of their contention they cite McFarlane v. Plant et al., 185 Miss. 616, 188 So. 530, holding that a distributee of an estate of a decedent is a competent witness under statute to establish claim of the decedent against the estate of another decedent. We do not think that case is in point here. Whitehead et al. v. Kirk, 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051; and Kern v. Cooper et al., 106 Miss. 895, 64 So. 838; sustained the correctness of the Chancellor's ruling.

As to the alleged gifts of the diamond ring and the check, we are of the opinion the Chancellor erred in not holding that the burden of proof was on appellee. 24 Am. Jur., Gifts, Sec. 133; Stewart v. First National Bank, 192 Miss. 355, 5 So. (2d) 683. His excluding the evidence and dismissing appellants' petition with reference thereto was, therefore, error, in our judgment. He likewise erred in so doing with reference to the Dodge coupe. The appellants' contention that Section 455, Code 1942, protects the estate against appellee's claim to this property as gifts from her husband, cannot prevail here, since they are not "third" persons as therein contemplated. Self v. King, 124 Miss. 874, 87 So. 489, refutes such argument.

Had the Chancellor not sustained appellee's motion to exclude all of the evidence, he would have been amply warranted in holding for her as to the farm equipment and livestock and furniture, and a decree could have been entered for her as to such property. But she herself had all the evidence excluded, instead of limiting her motion

to that part thereof bearing on the farm equipment, livestock and furniture. But her motion, as made, upon being sustained, left appellee with no proof of right to the farm equipment, livestock, and furniture, the proceeds of which her own petition was seeking, as she offered no proof about it. Such a partial exclusion, however, would have left her still under the necessity of proving the gifts to her of the diamond ring, the Dodge coupe, and the check, and in seeking to avoid those issues, she unfortunately cast away the advantage she had, up until then, achieved in the trial.

So, in our judgment, we must and do reverse the entire decree and remand the cause for a new trial, where the burden of proof shall be placed on appellants as to the farm equipment, livestock, and furniture, and upon appellee as to the diamond ring, the Dodge car and the check for $2,008.55.

Reversed and remanded.