MATTHEWS *v.* REDMOND.

(Division B.   September 22, 1947.)

[32 So. (2d) 123.   No. 36444.]

**Howie, Howie & McGowan** and **Jackson & Young**, all of Jackson, for appellant.

· **Vollor, Teller & Biedenharn,** of Vicksburg, and **G. S. Watson,** of Port Gibson, for appellee,

Argued orally by **Joe H. Daniel**, for appellant, and by **Landman Teller** and **G. S. Watson**, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Mary Jane Buggs was a negro woman of some education and the owner of considerable property. She had no living children or survivors of children. Her second husband, with whom she was living at the time of her death, could neither read nor write, and her attitude towards him seems to have been one of toleration rather than of affection.

On October 16, 1944, Mary Jane went to her local bank and stated to the cashier that she desired to deposit $500 with the bank in such manner that her niece Eliza Matthews, appellant here, would become the owner thereof

immediately on the death of Mary Jane, the depositor. The deposit was received with that understanding and a passbook was issued and delivered to Mary Jane specifically reciting as follows:

"Mary Jane Buggs
"Payable on Death
"Eliza Matthews"

And on the saving ledger of the bank an account was entered and kept in conformity to the passbook.

During that and the succeeding year three other deposits were made and entered in the passbook and upon the bank's ledger in the same terms, amounting to an additional $500, and finally on October 29, 1945, a deposit of $7,400 was made, the same course being pursued as to it.

Throughout the period above mentioned Mary Jane was in poor health and she died intestate on November 17, 1945, or about three weeks after the last deposit in the bank. On December 6, 1945, appellee was appointed administratrix and she went through the papers of the decedent and found the passbook showing the aforementioned deposits. The administratrix on February 7, 1946, filed her inventory in which she listed as an asset of the estate the bank deposits aforementioned, although the bank had not, and has not yet, transferred the account on its books to the credit of the administratrix.

On May 6, 1946, appellant Eliza Matthews filed her suit against the bank and against the administratrix, in which after stating the alleged facts she prayed that the said funds in the bank be adjudged to belong to her and not to the estate. Three days before that date, to-wit, on May 3, 1946, appellant had undertaken to probate the demand as if a claim against the estate, the affidavit for probate briefly setting forth the facts of the deposits as heretofore outlined, and the clerk allowed the probate.

When term time came on the administratrix moved to dismiss the suit against her and the bank on the ground that the suit had been brought against her as admin-

istratrix within the period of six months after her appointment, contrary to Section 612, Code 1942. The court dismissed the suit without pejudice, and correctly so because the administratrix was a necessary party without whom as a defendant the court could not properly proceed and the court could not proceed with her as party because the six months statute would not permit it.

But the court did proceed to hear the matter on the supposed probated claim and erroneously so for two reasons: First, the demand is in no sense a debt or any manner of contractual obligation against the estate payable out of the general funds of the estate—it is not a claim against the estate capable of being pobated. The attempted probate was a nullity on its face when considered as a probated claim. Reedy v. Alexander, 202 Miss. 80, 30 So. (2d) 599. And, second, if it be considered as a suit against the estate, on which the administratrix went to trial without raising the point of the six months statute, then the bank was a necessary party without whom no final decree could properly be made. The court should have sustained the administratrix's motion to dismiss the alleged probated claim on the ground taken in her motion that the claim was not within the probate statute. In re Lewis' Estate, 194 Miss. 480, 13 So. (2d) 20, relied on by appellant, is not controlling here. In that case no point was made on the procedure but in the present case appellee did raise it in her motion as stated. The probated claim should have been dismissd, but without prejudice, as was done with the suit against the bank and the administratrix. We will make that order here.

Reversed and dismissed without prejudice.