HOLLIMAN *v.* DEMOVILLE, EXECUTOR OF ESTATE OF MARY PILGREEN, DECEASED

No. 42258          March 19, 1962          138 So. 2d 734

*Thomas J. Tubb,* West Point, for appellant.

544

*Burgin* & *Gholson,* Columbus, for appellee.

McElroy, J.

This is an appeal from an interlocutory decree of the Chancery Court of the Second Judicial District of Chickasaw County, overruling appellant's motion for leave to file his petition against J. Q. Demoville, Executor of the estate of Mary Pilgreen, deceased, to have set aside from said estate $18,000, the balance remaining in a trust created by George Pilgreen, deceased, for appellant, of which Mary Pilgreen was trustee. This interlocutory appeal was granted and allowed by the court in its said decree.

Letters testamentary were granted to J. Q. Demoville upon the estate of Mrs. Mary D. Pilgreen on April 20, 1960. Notice to creditors was published three times, beginning April 28, 1960. On June 28, 1960, appellant John Holliman, filed what was designated a "creditor's claim" in the estate, consisting of five items, one of said items being the balance due on trust account as per check (attached $18,000). The check attached to the claim was

for $18,000 payable to John D. Holliman, dated July 30, 1959, drawn on the Bank of Okolona, and had written thereon, "for bal. due Geo. Pilgreen trust."

A contest to the claim was filed by the executor and this contest has apparently not been heard by the court. A special demurrer also was filed and there is no order on the demurrer. On September 7, 1961, after the time for probating claims had expired, appellant filed a motion for leave to file in said cause a petition to set aside from the property in the hands of the executor certain property alleged to constitute a trust wherein John Holliman is the beneficiary, and attached the petition thereto. The petition avers that Mrs. Mary D. Pilgreen was the cousin of appellant and the said Mary D. Pilgreen and her husband, George Pilgreen, had reared appellant in their home but had never adopted him; that George Pilgreen died in 1943, leaving Mrs. Mary D. Pilgreen as his sole heir; that during his lifetime George Pilgreen created a trust by delivering to Mrs. Mary D. Pilgreen $20,000 in money or its equivalent, with appellant as beneficiary; that appellant was to receive all or a part of said money when he could demonstrate a need therefor; that appellant had received $2,000 of said trust money; that a short time before her death in 1960, Mrs. Mary D. Pilgreen made and delivered to Frank Kirkpatrick a check for $18,000 to be delivered to appellant after her death, and on said check had written it was the balance of the trust fund. The petition averred that the $18,000 balance in said trust fund should be separated from the property of deceased and paid to appellant and prayed for a lien to be placed on the property of deceased if the trust funds had been commingled with the property of deceased. The petition prayed for the establishment of the trust, an adjudication that it was not a part of the estate of the decedent, an order directing that it be paid or delivered to appellant, and if the trust funds were commingled that

a lien be placed in favor of appellant against the assets of the estate.

. The executor, J. Q. Demoville, filed a written objection to the motion for leave to file said petition, assigning as grounds therefor (1) that the petition was an attempted amendment of the statement of claim already filed after the six months' period for probating claims had expired; (2) that the petition is inconsistent with the original probated claim, (3) that the petition attempts to circumvent the requirements of Sec. 568 of the Miss. Code of 1942; and (4) that said petition is a claim sought to be filed after the expiration of the time allowed by law for the probate and registration of claims. The court declined to grant the motion for leave to file the petition and granted an interlocutory appeal.

██ ■ "Property held in trust does not become on death of the trustee assets of his estate. While the administrator of the deceased trustee may be entitled to the possession of the trust funds, he must account for them to the cestui que trust." 21 Am. Jur., Page 483, Sec. 202.

██ ■ "As a general rule, it is not necessary to present a claim to specific trust funds or property which are capable of identification. It has even been held that a suit to trace a trust from land to money through an estate in process of administration is not a suit upon a claim required to be presented to the administrator for allowance." 21 Am. Jur., page 581, Sec. 353.

It was held in the case of Noble v. Noble, 243 P. 439, 43 A. L. R. 1235, a California case, that where a trustee mingles money belonging to a trust estate with his own, on his death the beneficiary is not, if the estate is solvent, relegated to the position of a creditor, but must sue to impress a trust on the money of the estate, the heirs of the trustee being deemed to stand in his shoes.

Cf. Slate Ex Rel Karrenbrock v. Miss. Valley Trust Company, 209 Mo. 472, 108 S. W. 97.

■■ ■ We are of the opinion that the chancellor should have granted the motion to file the petition. The petition was sufficient to charge that the deceased was in possession of a trust fund of which appellant was the beneficiary. If it could be established by the evidence a trust would not be a part of the assets of the estate. Sec. 539, Code of 1942. Note 125 A. L. R. 1487. Cf. Reedy v. Alexander, 202 Miss. 80, 30 So. 2d 599. If a deceased person is trustee for another, the executor or administrator of the deceased becomes ex-officio trustee charged with the duties devolving upon the deceased.

We are not here passing upon any defenses that the executor might assert in connection with said petition.

The petition was filed after six months. Sec. 612, Code of 1942, requires that suits against executors or administrators shall not be brought until after the expiration of six months from the date of letters.

■■ ■ Admittedly, the petition is sketchy, and it is a close question as to whether or not in all respects it is sufficient to charge the existence of a valid trust. Nevertheless, close questions should not be passed upon ordinarily as a matter of law and it would be better to hear the facts so that the Court can look at the entire case as made by the proof. We are of the opinion that the Court should allow petition to be filed and hear the proof.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.