DAN M. LEE, Justice,
for the Court:
This is an appeal from the Chancery Court of Hinds County wherein Henry G. Maxwell, petitioner/appellant, sought to compel a perfect inventory, void certain conveyances, partition property, and establish a claim against the estate of W. D. Maxwell, deceased. Henry Maxwell contended he was entitled to a portion of the estate of W. D. Maxwell due to the fact that his mother, Oberah Griffin Maxwell, who was also the wife of W. D. Maxwell, died intestate in 1967, that he received no *581 distribution from his mother’s estate and therefore, that he was entitled to a one-half interest in his deceased mother’s estate, allegedly held by his stepfather, W. D. Maxwell. The chancellor dismissed the claim of Henry Maxwell, finding the same was not timely filed pursuant to Mississippi Code Annotated section 91-7-151 (Supp.1981) and the same was barred by the statute of limitations. We reverse.
On April 12, 1981, William D. Maxwell, decedent, departed this life. Decedent, by his last will and testament, dated March 3, 1977, devised and bequeathed all his worldly possessions, both real and personal, to his wife Ethel A. Maxwell. This will was admitted to probate and letters of administration C.T.A. issued to Katherine L. Yuncker, Ethel Maxwell’s daughter. An inventory of the assets received by the administratrix C.T.A. revealed only twenty-four shares of stock in Teledyne Corporation with an approximate value of $3300. Notice to creditors was published on May 6, 13 and 20, 1981.
On August 4,1981, appellant filed a petition in the Chancery Court of Hinds County to compel a perfect inventory, void certain conveyances, partition property and establish a claim against decedent’s estate. The petition alleged that appellant was the adopted son of the decedent, who was married to appellant’s mother at the time of her death in 1967. The petition further alleged that appellant never received his intestate share of his mother’s estate, the same being in the possession and custody of decedent at the time of his death.
The chancellor subsequently entered an order on motion for hearing ante litem, in a summary manner without taking any proof, holding appellant’s claim was untimely filed under Mississippi Code Annotated section 91-7-151 (Supp.1981) and barred by section 15-1-39 (1972).
I. Did the chancellor err in finding appellant’s claim was not timely filed?
Appellant’s petition and claim against decedent’s estate was marked filed on August 4, 1981, exactly ninety days following the first publication of notice to creditors on May 6, 1981. Mississippi Code Annotated section 91-7-151 (Supp.1981) provides:
All claims against the estate of deceased persons, whether due or not, shall be registered, probated and allowed in the court in which the letters testamentary or of administration were granted within ninety (90) days after the first publication of notice to creditors to present their claim. Otherwise, the same shall be barred and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor of administrator. Where the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk but the affidavit is defective or insufficient, the court may allow the affidavit to be amended, so as to conform to the requirements of the statute, at any time before the estate is finally settled; whereupon the probate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient in the first instance.
Appellee contends the chancellor properly disallowed the petition and claim because the chancery clerk ■ filed it, but failed to indorse upon the petition and claim the words “probated and allowed for $- and registered this 4th day of August, 1981” as provided for by Mississippi Code Annotated section 91-7-149 (1972). That section provides as follows:
Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or if the claim be a judgment or decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious; that neither the affiant nor any other person has received payment in whole or in part thereof, except such as is credited thereon, if any; and that security has not been *582 received therefor except as stated, if any. Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following: “Probated and allowed for $_and registered this_day of _, A. D.,_,” and shall sign his name officially thereto. Probate registration and allowance shall be sufficient presentation of the claim to the executor or administrator; provided, that should the clerk probate and allow and register the claim, but fail or neglect to indorse thereon the words, “Probated and allowed for $- and registered the _day of_, A. D.,_,” and officially sign his name thereto, the court may, upon proper showing, allow the clerk to indorse on the claim, nunc pro tunc, the words, “Probated and allowed for $_ and registered, this the _day of_, A. D.,_,” and sign his name officially thereto. If the claim be based upon a demand of which there is no written evidence or upon an itemized account, the statement of said claim or the itemized account shall be retained and kept by the clerk among the official papers pertaining to the estate; and if the claim be based upon a promissory note or other instrument purporting to have been executed by the decedent, the creditor shall file with his claim the original thereof to remain in the keeping of the clerk or, having so presented said original writing, he may withdraw the same when the clerk has made a certified copy thereof, the said copy to remain on file. When such a copy has been retained by the clerk in lieu of the original writing, the administrator or any party in interest shall have the right, good cause being shown upon application to the court or chancellor and upon order to that effect, to have the original produced before the court or clerk for a reasonable time to be fixed in said order, for the inspection of the administrator or other party in interest, who may make photographic copies thereof under the supervision of the clerk.
The presentation of a claim and having it probated and registered as required by law stops the running of the general statute of limitations. Miss.Code Ann. § 91-7-153 (1972).
Appellee alleges that the clerk’s failure to make an indorsement upon the claim or petition showing the same had been probated, allowed and registered within ninety days, rendered the claim invalid as a charge against decedent’s estate solely because the claim or petition had not been indorsed by the clerk as probated and allowed for $_and registered within ninety days. Stevens v. D. R. Dunlap Mercantile Co., 108 Miss. 690, 67 So. 160 (1914).
Section 91-7-149 is inapplicable to the case sub judice. In Reedy, et al v. Alexander, 202 Miss. 80, 30 So.2d 599 (1947), a controversy arose over ownership of certain livestock and farm equipment alleged to be a part of the estate of the deceased. Construing what is now section 91-7-151, this Court said:
Strangely, all parties treated the claim of appellee to the proceeds of the sale, as a probated claim, which it was not. It is what its averments and prayer make it, —a petition for the proceeds of certain property sold by the administratrix, in lieu of the property itself, filed by leave of the Chancellor in the administration of the decedent’s estate. The claim was not for payment of a debt out of the general funds of the estate.
The statute, Code 1942, Sec. 569, embraces “all claims against the estate of deceased persons, whether due or not.” It would be expanding that language beyond the bounds of reason to hold a claim to the proceeds of the sale of personal property of an estate to be a debt owing by the decedent. The term “claim” in statutes relating to claims against estates includes not only debts already due, but unmatured debts. Roth v. Ravich et al., 111 Conn. 649, 151 A. 179, 74 A.L.R. 364. It applies only to specific money demands due or to become due and not to inchoate and contingent claims. Evans v. Hoyt, 153 Ark. 334, 240 S.W. 409.
The Supreme Court of Minnesota decided that a demand for a whole or a part *583 of the estate is not a “claim” against it, since “claim” against the estate (which is the language of our statute) of a deceased person is a demand of a pecuniary nature, which could have been enforced against decedent during his lifetime. In Re Brust’s Estate, 111 Minn. 352, 127 N.W. 11, 20 Ann.Cas. 852. We approve that announcement. See also 34 C.J.S. Executors and Administrators § 367, Claims, page 95. The case before us is a controversy over definite tangible chattels. That the petition had the oath of probate attached to it, and the Clerk certified it had been probated, registered and allowed, did not convert it to a pro-batable or probated claim. Both petitions were matters in the course of the administration of Mr. Alexander’s estate, and neither required any answer.
(202 Miss. at 89, 30 So.2d at 601—emphasis ours).
See also Bible Ministry Ass’n v. Merritt, 391 So.2d 641 (Miss.1980); Barrett v. Moffitt, 381 So.2d 624 (Miss.1980); and Matthews v. Redmond, 202 Miss. 253, 32 So.2d 123 (1947). Section 91-7-151 has no application to a suit for possession of property by virtue of ownership. Moore v. Moore, 141 Miss. 795, 105 So. 850 (1925).
Holliman v. Demoville, 243 Miss. 542, 138 So.2d 734 (1962), is somewhat similar to the present case. There Holliman filed a creditor’s claim in the estate of Mrs. Mary D. Pilgrim, consisting of five items, one being the balance due on trust account. A check was attached to the claim for $18,000 payable to John D. Holliman and containing a notation “for bal. due Geo. Pilgrim trust.” A contest to the claim was filed by the executor. After the time for probating claims had expired, Holliman filed a motion for leave to file a petition to set aside from the property in the hands of the executor certain property alleged to constitute a trust wherein John Holliman was the beneficiary. The petition attached thereto prayed for the establishment of a trust, an adjudication that it was not part of the estate of the decedent, an order directing that it be paid or delivered to Holliman, and if the trust funds were commingled, that a lien be placed against the assets of the estate. Holding that the chancellor should have granted the motion to file the petition, this Court stated:
“As a general rule, it is not necessary to present a claim to specific trust funds or property which are capable of identification. It has even been held that a suit to trace a trust from land to money through an estate in process of administration is not a suit upon a claim required to be presented to the administrator for allowance. 21 Am.Jur., page 581, Sec. 353.
It was held in the case of Noble v. Noble [198 Cal. 129] 243 P. 439, 43 A.L.R. 1235, a California case, that where a trustee mingles money belonging to a trust estate with his own, on his death the beneficiary is not, if the estate is solvent, relegated to the position of a creditor, but must sue to impress a trust on the money of the estate, the heirs of the trustee being deemed to stand in his shoes.
(243 Miss. at 547, 138 So.2d at 746 — emphasis ours).
Appellant’s claim was not for a specific money demand due or to become due. It was an inchoate and contingent claim involving the ownership by co-tenancy of specific property. Sections 91-7-149 and 91-7-151 have no application to the case at bar and the chancellor erred in finding appellant’s claim was not timely filed.
II. Did the chancellor err in holding appellant’s claim barred by Mississippi Code Annotated section 15-1-39 (1972)?
Section 15-1-39 provides:
Bills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after, saving, however, to all persons under disability of infancy or unsoundness of mind, the like period of time after such disability shall be removed. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than thirty-one years.
*584 The chancellor in the case sub judice found that appellant’s claim was barred by the above-cited statute of limitations. Ap-pellees filed a motion for hearing ante li-tem, much like a motion for summary judgment, which was sustained by the learned chancellor without any proof being put on whatsoever. In the absence of such proof, we are unable, as was the chancellor, to pass upon the merits of this argument and it was error for the chancellor to sustain the plea of the statute of limitations as to a trust in the absence of any proof to support the same. Since the case must be reversed, there should be a full development of the facts alleged to support the existence of a trust relationship and other aspects of appellant’s petition.
Based on the foregoing this cause is reversed and remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and PRATHER, JJ., concur.