GRIFFIN, Justice,
for the Court:
This is an appeal by the Administrator of the Estate of Manscoe from an order of the Chancery Court of the First Judicial District of Harrison County approving a probated claim of Mrs. Honey Simmons, a real estate agent. Mrs. Simmons alleges, and for the purpose of this opinion we assume that the allegation is true, that she procured a purchaser for the home of the deceased. The claim of the realtor for the commission was for services rendered to the estate — the heir — and was not one which could have been enforced against the decedent during his lifetime. We necessarily conclude, then, that the chancellor should have disallowed the claim, finding a plain error under Rule 6(b) of this Court which reads as follows:
No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.
The manner in which the attorneys chose to handle this controversy undoubtedly led to the error. Unfortunately, matters personal to the parties involved were thoroughly thrashed out and the obvious rule of law to be applied was ignored.
In support of the above statement, we now review the facts. Mr. Manscoe, to the knowledge of those closest to him, left no children nor a surviving spouse. Upon his death Jimmy Coleman, a close relative of Mr. Manscoe’s deceased wife, and one who had befriended Mr. Manscoe, qualified as administrator of the estate. Though the record does not directly reflect, we must assume from the conduct of all the parties that Mr. Coleman was of the opinion that he was the proper heir. Mrs. Simmons, according to her, was contacted by Coleman to sell the real estate and to make an appraisal. No listing agreement was ever entered into by Mr. Coleman individually, or as administrator of the estate; however, he did pay to her, apparently as an individual, a $100 appraisal fee.
Within a short period of time, approximately sixty (60) days, from the date that Mr. Coleman qualified as administrator, William Champ Goodman appeared and to the satisfaction of all concerned, proved that he was the son of the deceased and he was duly substituted as administrator of the estate. Mr. Goodman was a child of Mr. Manscoe, having been born to his first wife, and whose name was changed by his mother and stepfather.
Mrs. Simmons continued her efforts to sell the property. However, she never contacted Goodman but dealt through the attorney for the administrator. She procured a contract of purchase from Mr. and Mrs. A.M. Lechnir. However, the Lechnirs, for whatever motive, chose to deal directly with the estate and bought the property from Goodman. Goodman, incidentally, never signed the Lechnir contract obtained by Mrs. Simmons but did agree in his con *684 tract with the Lechnirs to defend, indemnify, and hold harmless seller from any real estate brokerage claims of Johnson Realty (Mrs. Honey Simmons).”
Mrs. Simmons probated her claim against the estate in compliance with § 91-7-149, Miss.Code Ann. (1972). The claim was contested by the administrator and Lechnir joined in the contest as an estate creditor under § 91-7-165 supra.
The trial commenced and though counsel for the Lechnirs stated on more than one occasion that if anybody owed Mrs. Simmons any money it was Coleman, neither he nor counsel for the administrator ever brought to the court's attention the propriety of the entire proceeding. Counsel for the Lechnirs seemed to be totally engrossed in attacking Mrs. Simmons’ method of conducting her business. We do not decide here whether or not the Lechnirs, Coleman, or Goodman are indebted to Mrs. Simmons, nor do we make a decision as to whether or not she is due a commission, though it does appear that she rendered a valuable service at least to Goodman who became the sole owner of the real estate in question and the only recipient of the purchase money, and to the Lechnirs who acquired the home they wanted.
Ordinarily the administrator does not sell real estate belonging to the decedent. Our statutes provide for only two occasions. Section 91-7-187, Miss.Code Ann. provides that in certain instances the chancery court may decree a sale of real estate in preference to the personalty. Section 91-7-191 provides that the chancery court may decree the sale of real estate when the personal property is insufficient to pay the debts of the decedent and the expenses of the administration. Gordon v. James, 86 Miss. 719, 39 So. 18 (1905).
Here none of the codified conditions were shown to exist; therefore, the sale made by Goodman was in his individual capacity as the owner of the property becoming so as the sole surviving heir at law of his father, Manscoe.
Mrs. Simmons could not have maintained any action against the decedent during his lifetime, therefore, her commission is not a proper claim against the estate, as it arose after the death of the decedent. Citations of authority to this effect should not be necessary; however, we quote from Reedy v. Alexander, 202 Miss. 80, 30 So.2d 599 (1947):
A claim against the estate of a deceased person is a demand of a pecuniary nature, which could have been enforced against the decedent during his lifetime.
We, therefore, hold that the trial was improvidently conducted; that Mrs. Simmons’ alleged action is one at law and therefore we reverse and remand without prejudice to the appellee to properly pursue her claim.
REVERSED AND REMANDED.
ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, C.J., not participating.