587 So.2d 255 (1991)
Mrs. Mattie M. ALLEN
v.
Harry MAYER, Jr.
No. 07-CA-59390.
Supreme Court of Mississippi.
September 18, 1991.
*256 Paul Abston, Meridian, for appellant.
Marvin E. Wiggins, Jr., DeKalb, Robert D. Jones, Jordan & Jones, Meridian, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

I
Mattie M. Allen (Allen) appeals from an order entered by the Circuit Court of Lauderdale County affirming a County Court decision summarily disposing of her Complaint in Replevin against Harry Mayer, Jr. (Mayer). The matter compels us to treat the following issues: (1) Whether one who claims ownership interest in personalty possessed by another at the time of the other's death is required to assert her claim as a creditor of the estate; (2) Whether under the circumstances here Allen should suffer summary judgment by application of the doctrine of laches; and (3) Whether Allen erroneously relied on a motion to "set aside" the order granting summary judgment to toll the time for perfecting her appeal, thus failing to do so in a timely manner. We answer all of these questions in the negative and reverse.

II
Allen filed a "Complaint in Replevin" against Mayer, her step-grandson, in the County Court of Lauderdale County on *257 September 28, 1987. In this complaint, she alleged that certain articles of personal property that were in the possession of her daughter, Gloria Mayer, at her daughter's death, actually belonged to her. She claimed that Mayer, her daughter's stepson, was in wrongful possession of the items.
The county court set October 14, 1987, as the date for hearing to determine the rights of the parties in the replevin action. On that date Allen was deposed by Mayer's counsel, by agreement of the parties. On October 16, 1987, both parties moved ore tenus to reset the case for trial on November 6, 1987.
On October 19, 1987, Mayer filed an "Answer to the Complaint in Replevin." Accompanying his response was a motion for summary judgment. Offered in support of the summary judgment motion was an affidavit of C. Scott Edmundson, Jr., the attorney for the estate of Gloria Mayer. Allen filed no written response to the motion.
The hearing on the motion was held on October 26, 1987. Buttressing the motion were exhibits consisting of the chancery court files concerning the estate of Gloria Mayer, deceased, and a copy of the probate docket of the estate. The testimony of Joyce H. Smith, Deputy Chancery Clerk of Lauderdale County and Allen's deposition were also before the court.
After considering all the evidence, the county court, in a written opinion, granted the motion for summary disposition and entered an order dated November 9, 1987, to that effect. Some three days later on November 12, Allen, by and through her attorney, moved to set aside the order granting summary judgment. This motion was denied on December 16, 1987. Allen then appealed to the circuit court. In a written opinion dated June 22, 1988, that court affirmed the decision of the county court.

III
In her deposition testimony, Allen claimed that prior to the death of her daughter, Gloria Mayer, she gave her daughter some family heirlooms for safekeeping. At the time of this arrangement, Allen lived in a mobile home and did not have room for the pieces. She alleged that Gloria told her that she (Gloria) would have the furniture refurbished and use it in the Mayer clothing store until Mattie asked for it. No document or other statement evidencing this "safekeeping" arrangement existed. She explained that such a writing was not needed because "you don't do that with your daughter."
Gloria Mayer died on September 20, 1984. In her will, she devised her entire estate, after payments of debts, taxes, and costs of administration to the trustees of the Harry Simon Mayer Inter-vivos Trust to hold and administer said property according to the terms of said trust. Although Mattie was aware of when her daughter's estate was admitted to probate, she chose not file a claim because,
I left that up to Harry. It's just like I tell you, I stayed with Harry so much 'til he seemed like my grandchild, and that did not cross my mind to do a thing in the world about it because I knew he knew all about it and I didn't even bother him with it.
Notice to creditors was given and the estate was closed on August 10, 1985.
After the estate was closed, Harry Mayer, Jr. and Pamela Camp Smith[1], Gloria Mayer's heirs, divided the trust into which the remaining assets of Gloria Mayer's estate were placed. As part of his share of the trust, Harry Mayer received the furniture involved in this litigation.
Sometime in 1985, Allen called Mayer about the furniture. She told him that she had a house and would like to get the pieces she "loaned" her daughter. She stated that Mayer was rude, told her "no" and that she would have to see his lawyer. She talked to him again in October of 1987 to no avail.
The instant action followed. In her complaint, Allen claimed ownership to and sought to obtain from her step-grandson, *258 certain items of furniture alleged to be antique heirlooms valued at $2,050.[2] She maintained that the items were being held in a safe-keeping arrangement for her by her daughter and that she was entitled to immediate possession of the articles.
Mayer filed an answer in which he denied that any relief should be granted to Allen. He maintained that the matter was res judicata pursuant to the order of the chancery court closing the estate of Gloria Mayer. Additionally, he stated that the doctrines of estoppel, laches, and the statute of frauds should prevent Allen from proceeding.
In support of the accompanying motion for summary judgment, he filed the affidavit of C. Scott Edmundson, Jr., who was the attorney for Gloria Mayer's estate. In the affidavit, Edmundson stated that Gloria Mayer died seized of the personal property outlined in the "Complaint for Replevin." He also maintained that creditors were notified and no claim was probated as to any of the articles in question. Allen filed no response to the motion.
A hearing on the motion was had on October 26, 1988. Offered in support of the motion were the documents contained in the chancery court file regarding the probate of Gloria Mayer's estate. Allen's deposition was also offered into evidence by Mayer in support of his motion.[3]
The trial court, by written opinion and order dated November 9, 1987, granted Harry's motion for summary disposition. The court premised its decision on Allen's failure to file pleadings defending against Mayer's motion. As an alternate ground for its decision, the court stated that as Mattie had both actual and legal notice of the probate of her daughter's estate and she chose not to make any claim to her property, which was included in the assets of Gloria Mayer's estate, she was estopped from "coming to court to retrieve her alleged personal property through action which should have been taken against the estate of her deceased daughter."

IV
The county court premised its grant of summary judgment on two grounds, one on the merits, the other on procedure. As to the procedural reason, the court stated,
[T]he court does immediately note that the pleadings in this cause are completely devoid of any response or answer on behalf of the plaintiff in defense of the motion for summary judgment and is further void of any counter-affidavits or other documentation to voicing the plaintiff's objection to the motion for summary judgment. It is, therefore, the opinion of the court that based upon the pleadings alone, under Rule 56(e) of the Mississippi Rules of Civil Procedure that the court should grant the motion for summary judgment for failure of the plaintiff to file necessary and proper pleadings to defend against same.
Allen states that it was error for the county court to grant summary judgment in favor of Mayer based on her failure to file any response, counter affidavits, or other documentation defending against the motion. She states that in addition to her pleadings, in which she alleged her ownership of the furniture, her deposition was admitted into evidence. Therefore, the record before the lower court was not completely void of any refutation by her.
The record is supportive of Allen's contention. Miss.R.Civ.Pro. 56 provides for summary disposition in cases where no genuine factual dispute between the parties exists. The seminal case construing the procedure to be followed before summarily disposing of a case is Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). There we stated that a trial court, *259 in considering a motion for summary judgment, must review with the utmost care, all evidentiary matters  pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Id. at 362. (emphasis added) If, after conducting this review, there exists no genuine issue as to any material fact, then the moving party is entitled to judgment as a matter of law. Id. In accord is the advisory comment following the Rule, which states,
a summary judgment motion is based on the pleadings and any affidavits, depositions, and other forms of evidence relative to the merits of the challenged claim ... that are available at the time the motion is made. The movant under Rule 56 is asserting that on the basis of the record as it then exists, there is no genuine issue as to any material fact.
Miss.R.Civ.Pro. 56 advisory comment (1990) (emphasis added).
Trial courts are admonished to avoid granting such judgments where to do so would be in derogation of a party's constitutional right to trial by jury. Brown v. Credit Center, Inc., 444 So.2d at 362. The Brown Court advised, also, that summary judgment motions be granted with great caution. Finally, we have noted that "[e]ven where the test prescribed in [Rule 56] for granting a summary judgment appears to have been met in its entirety, a judge is not ordinarily required to grant summary judgment." Donald v. Reeves Transport Co., 538 So.2d 1191 (Miss. 1989). Against the backdrop of the previous principles, the trial court incorrectly applied the precepts of Brown.
First, as to the Allen's alleged failure to file any opposition to Mayer's motion, the record indicates that Allen did not rest merely upon her pleadings. Her deposition, in which she alleged ownership of the furniture, was also before the court. Indeed, the court, in its opinion, stated that her deposition was included in the record before it. Mayer labors under the impression that a judgment summarily disposing of a case be entered by default where the non-movant fails to file counter-affidavits or file documents expressly stating that such documents are filed in opposition to the motion for summary judgment. This impression is clearly erroneous and not in line with the tenets espoused by the Brown Court. Moreover, in Brown, this Court stated,
The heart of our summary judgment procedure is found in Rule 56(c), Miss.R.Civ. P., which provides as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Brown v. Credit Center, Inc, 444 So.2d at 362. Thus, if any document before the court presents a material factual issue, the grant of summary judgment is improper. Here, granting summary disposition based solely on any failure by Allen to file a written response was error.

V
The court further held that Allen's claims were barred by Miss. Code Ann. § 91-7-151 which provides,
All claims against the estate of deceased persons . .. shall be registered, probated and allowed in the court in which the letters testamentary or of administration were granted within ninety (90) days after the first publication of notice to creditors to present their claim. Otherwise, the same shall be barred and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator.
Allen argues that she was not a creditor and therefore not governed by this section. Well-settled precedent supports her contention, and we hold that the lower court erred finding § 91-7-151 applicable to the case at bar. That section applies only to monetary claims against an estate. Barrett v. Moffitt, 381 So.2d 624 (Miss. 1980). Thus, because Mattie's claim is not pecuniary in nature, the statute is inapplicable to her action for the furniture. In accord is *260 Reedy v. Alexander, 202 Miss. 80, 30 So.2d 599 (Miss. 1947), where it was stated,
The term "claim" in statutes relating to claims against estates includes not only debts already due, but unmatured debts. (citation omitted) It applies only to specific money demands due or to become due and not to inchoate and contingent claims. (citation omitted, emphasis added).
Id. 202 Miss. at 89, 30 So.2d at 601. This case involves a controversy over "definite tangible chattels." Reedy, 202 Miss. at 89, 30 So.2d at 601. As such, it is not a probatable claim within the meaning of Miss. Code Ann. § 91-7-151 (Supp. 1990).

VI
Mayer affirmatively pled the doctrine of laches. Specifically, he stated that Allen should not be permitted to proceed with this action because of her delay in filing her suit after her cause of action arose. The county court agreed that laches operated to bar this action and was affirmed in its decision by the circuit court. The court premised its opinion on Allen's failure "to take action for the recovery of her alleged personal property during the administration of her deceased daughter's estate." It also stated that she could have brought suit to recover the items when the trust estate was divided by the chancery court. The court held that her negligence in not filing her action earlier barred her from pursuing the replevin or any other action to recover her personal property from Mayer or the trust estate.
The county court erred in relying upon the doctrine of laches as a basis denying relief to Allen. Before laches can be invoked to bar litigation, three independent criteria must be satisfied. It is incumbent upon the party invoking the doctrine to show, (1) delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. See, Environmental Defense Fund v. Alexander, 614 F.2d 474, 478 (5th Cir.1980). Morgan v. Morgan, 431 So.2d 1119 (Miss. 1983); Evanovich v. Hutto, 204 So.2d 477 (Miss. 1967). "Whether laches bars an action in a given case depends upon the circumstances of that case and is a `question primarily addressed to the discretion of the trial court.'" Environmental Defense Fund v. Alexander, 614 F.2d at 478 (5th Cir.1980). Affirmatively pleading the defense of laches ordinarily calls for a full hearing of testimony of both sides. See, Sumrall v. Doggett 511 So.2d 908 (Miss. 1987); Baker v. Nason, 236 F.2d 483 (5th Cir.1956).
In the case at bar, although Mayer pled laches, the record was not such as would allow the court to summarily decide the issue. Addressing the question of delay, Allen stated that she did not bring suit to recover the items in dispute because she was dealing with family and did not think it was necessary to do so. Additionally, she states that Mayer was aware of the safe-keeping arrangement she had with Gloria Mayer. The second pre-requisite to laches is inexcusable delay. This is a question of fact. On this record, it cannot be said that the excuse offered by Allen is insufficient as a matter of law.
Moreover, the record is totally lacking in proof of prejudice. Mayer has not shown any harm resulting from Allen's delay in filing her complaint. "Delay is not laches unless it results in hardship to another." Clement v. R.L. Burns Corp., 373 So.2d 790, 797 (Miss. 1979) The grant of summary judgment, then, may not be sustained on the basis of laches.

VII
Mayer contends that Allen's appeal from the county court was not timely pursuant to Miss. Code Ann. § 11-51-79 (1972)[4]. He claims the circuit court erred in finding that Allen perfected her appeal to that court. Specifically, Mayer argues that the order granting summary judgment constituted the final judgment in this case, from which an appeal would lie. Additionally, he states that the "Motion to Set Aside Summary Judgment" did not toll this time limitation *261 or operate as an exception to the time limitations set by the statute.
Allen maintains that the final judgment in the case was issued on December 16, 1987, when the court overruled the motion to set aside summary judgment, and not on November 9, 1987, when the summary judgment was issued.
Procedural matters regarding appeals from county to circuit or chancery court, not otherwise prescribed, are governed by the Rules of the Mississippi Supreme Court. Swartz v. McKay, 184 Miss. 422, 185 So. 811 (1939). Miss.Sup.Ct. Rule 4(d) addresses the issue raised by Mayer. It provides in parts pertinent to this discussion,
(d) Post-trial Motions in Civil Cases. If a timely motion under the Mississippi Rules of Civil Procedure is filed in the trial court by any party under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.
The principal error in Mayer's argument is his failure to recognize that a motion to set aside or reconsider an order granting summary judgment is treated as a Rule 59 motion for these purposes. Richerson v. Jones, 572 F.2d 89 (3rd Cir.1978) (The 60-day period for filing notice of appeal from summary judgment in favor of commanding officer of United States Navy in employment discrimination suit was tolled by filing of motion to reconsider the judgment where motion was filed within ten days of entry of judgment); Wild v. St. Paul Companies, Inc., 612 F.2d 341 (8th Cir.1979) (civil rights plaintiff's pro se motion to reconsider judgment was sufficient to toll time for filing notice of appeal from dismissal of complaint and grant of summary judgment in favor of defendants).[5]
The trial court entered an order granting summary judgment in favor of Mayer on November 9, 1987. Some three days later, November 12, Mattie filed a "Motion to Set Aside Summary Judgment." On December 2, the court held a hearing on the "Motion to Set Aside Summary Judgment." It overruled the motion on December 16, 1987. The docket sheet indicates that Allen's appeal bond was paid in cash on December 22, 1987, well within the prescribed time limit for appeals. The circuit court finding that the appeal was properly perfected is entirely correct.

VIII
As this case must be reversed because the granting of summary judgment was erroneous, the question arises to which court should it be remanded. Although Miss. Code Ann. Section 11-51-79 (1972) provides that where a county court judgment is reversed and a new trial granted, the new trial shall be in the circuit or chancery court, we conclude that this provision has no application to an erroneous grant of a motion to dismiss or summary judgment. In such instances, upon reversal the matter should be remanded to the county court having jurisdiction.

CONCLUSION
The circuit court erred in affirming the county court judgment barring Mattie Allen's complaint pursuant to Miss. Code Ann. § 91-7-151 (Supp. 1990) and in finding that the doctrine of laches operated to estop this action by her. The judgment below must be reversed and this matter is remanded to the county court for further proceedings.
REVERSED AND REMANDED TO THE COUNTY COURT OF LAUDERDALE COUNTY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
McRAE, J., specially concurs with separate written opinion, joined by DAN M. LEE, P.J.
McRAE, Justice, specially concurring:
I concur with the majority, but would specially point out that Miss.R.Civ.P. 56 (summary judgment) is the most abused and time-consuming rule for this Court, the lower courts and litigants. Rule 56 states *262 that when the moving party loses, the court shall assess expenses. This is hardly, if ever, done. In the amount of time it takes the parties to file a summary judgment motion, respond to it, and have the court review it, the matter could have been disposed of by a full trial. Our circuit judges and chancellors, who have no clerks or secretaries, are hamstrung with these motions. This writer feels that Miss. R.Civ.P. 56 should be abolished and Rules 12 and 11 beefed up.
DAN M. LEE, P.J., joins this opinion.
NOTES
[1] Pamela Camp Smith is Gloria Mayer's natural daughter.
[2] Allen stated in her deposition that she arbitrarily assigned value to the furniture. She stated, "this is all antiques and you know how high antiques are."
[3] Although the court reporter had not completed transcribing the deposition when the motion was heard, the deposition was admitted into evidence at a later date by agreement of the parties. It is ironic that Allen initially objected to its admission into evidence, but now relies upon the testimony contained in the deposition to support her position on appeal.
[4] Miss. Code Ann. § 11-51-79 (1972) provides in relevant part, "appeals from the county court shall be taken and bond given within ten (10) days from the date of the entry of the final judgment or decree on the minutes of the court."
[5] Where we have not previously decided an issue involving interpretation of our rules of civil procedure, we look to federal interpretations for guidance. Bryant v. Walters, 493 So.2d 933, 935-36 (Miss. 1986).