799 So.2d 154 (2001)
Lee MAGEE, Appellant,
v.
Michael E. GARLAND, Avis Garland, William S. Simon, Melinda E. Simon, Placido J. Rizzo and Margaret Rizzo, Appellees.
No. 2000-CA-01391-COA.
Court of Appeals of Mississippi.
October 16, 2001.
*155 Kellie Williamson Koenig, Greenville, Attorney for Appellant.
Walter Rayford L. Jones, Gulfport, Attorney for Appellees.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
*156 CHANDLER, J., for the Court:
¶ 1. On August 27, 1999, Michael Garland, et al., hereinafter the Garlands, filed a bill of complaint to confirm title to a certain parcel of disputed property in the city of Gulfport, Harrison County, Mississippi. The Garlands named as defendants Lee Magee and Al Jones. After a trial on the merits, the Chancery Court of Harrison County found for the Garlands and confirmed their title as prayed for, asserting that the Garlands had established their ownership of the disputed parcel by adverse possession. Appellant Lee Magee filed this appeal and asserts two issues for review by this Court. First, Magee, alleges that the chancellor erred in finding that the Garlands met the burden of proof required to establish a claim of adverse possession. He also claims that the Garlands should be estopped by the doctrine of laches from pursing their claim of adverse possession. Jones did not join in this appeal.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. During 1949 and the few years thereafter, the Garland family acquired by various deeds certain property situated on the north side of Landon Road in Gulfport, Mississippi. The property has remained in the family ever since. During 1969, the family of Magee's wife (Boykin) acquired certain property situated generally to the east of the Garland property on one side and to the north of the Garland property on another side. On March 31, 1991, Al Jones obtained a deed describing certain property situated to the east of the Garland property and north of the property described in the Boykin Magee deed. Magee's claim of ownership stems from the Boykin deed descriptions.
¶ 4. It is undisputed in the record that the Garland property has been cleared and fenced separating it from the Magee and Jones properties for more than fifty years. The property has been used by the Garland family for farming and recreational purposes the entire time it has been owned by them. The family also built and maintained the fences located on the property. The Magee and Jones properties are both wooded and used in a completely different manner than the Garland property.
¶ 5. It was not until 1997 or 1998, when the Garland family had a survey done, that any of the parties involved became aware that the existing fence lines did not accurately represent the boundary lines between the properties. Around that same time, members of the Garland family approached Magee and asked to purchase land owned by him. The Garlands assert that the land they sought to acquire was other than the parcel in dispute. Mr. Magee refused to sell the land to the Garlands.
¶ 6. It was shortly after being approached by the Garlands that Magee began to raise questions about the ownership of the disputed property. Soon thereafter, Magee disturbed one of the fences between his property and the Garland property. This action was filed to settle title to the disputed property.

LAW AND ANALYSIS

I. DID THE GARLANDS MEET THE BURDEN OF PROOF NECESSARY TO ESTABLISH A CLAIM OF AVERSE POSSESSION?
¶ 7. This Court applies a limited standard of review on appeals from chancery court, and we will not disturb findings of the chancellor unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard. Goode v. Village of Woodgreen Homeowners Ass'n, 662 So.2d 1064, 1070 (Miss.1995).
*157 ¶ 8. Mississippi Code Annotated § 15-1-13(1) (Rev.1995) sets forth the requirements for a claim of adverse possession as follows:
(1) Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title, saving to persons under the disability of minority or unsoundness of mind the right to sue within ten (10) years after the removal of such disability, as provided in Section 15-1-7. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than thirty-one (31) years.
¶ 9. For possession to be adverse it must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Peagler v. Measells, 743 So.2d 389 (¶ 7) (Miss.Ct.App. 1999); Rice v. Pritchard, 611 So.2d 869, 871 (Miss.1992). The burden of proof is on the adverse possessor to show by clear and convincing evidence that each element is met. Peagler, 743 So.2d at (¶ 7); Rice, 611 So.2d at 871. The question in the end is whether the possessory acts relied upon by the would be adverse possessor are sufficient to put the record title holder upon notice that the lands are held under an adverse claim of ownership. Peagler, 743 So.2d at (¶ 7); Johnson v. Black, 469 So.2d 88, 90-91 (Miss.1985).
¶ 10. Magee asserts the chancellor erred in finding that the Garlands had provided sufficient proof to establish title to the property through adverse possession. His argument is without merit.
¶ 11. To begin, Magee argues the Garlands' possession of the disputed property was not open, notorious and visible because he could not see the Garlands use the property from his home. Magee argues that since his home is located just a few hundred feet from the disputed parcel of property, he should have been able to "see" the Garlands use this property. Testimony given at trial revealed that the area separating Magee's home from the land in dispute was heavily wooded. Magee could not see the Garlands use the property from his home because of the trees. Simply because Magee could not "see" the Garlands on the property from his home does not make their possession less than open, notorious and visible. Several witnesses at trial testified that the Garlands had used the property up to the fence line since they began their possession of the land. These same witnesses also testified to having seen the Garlands picnic, raise hay and cattle, and grow row crops, cut timber, and raise a garden on the land in question.
¶ 12. The question in the end is whether the possessory acts relied upon by the would be adverse possessor are sufficient to fly his flag over the lands and to put the record title holder upon notice that the lands are held under an adverse claim of ownership. Walker v. Murphree, 722 So.2d 1277 (¶ 16) (Miss.Ct.App.1998). Possession must be sufficient to put another on notice, actual or imputable, of the adverse claim, and without such notice, possession will never ripen into title. Trotter v. Gaddis and McLaurin, Inc., 452 So.2d 453, 458 (Miss.1984). Magee's claim that he did not have actual notice of the Garlands' use of the land is specious at best. He testified that he hunted on the land behind his house up to the fence line. He knew of the fence and could see the land *158 had been cleared and was being used. Even if Magee did not have actual notice of the Garlands' use of the property, notice could certainly be imputed to him.
¶ 13. Next, Magee asserts that the Garlands' possession was not continuous. He claims that he interrupted their use of the land when he began cutting trees on the land behind his house and the trees fell onto the disputed property destroying part of the fence in that area. Magee's actions were not sufficient to interrupt the Garlands' possession. "Where another is asserting a claim of right ... there must be a physical interruption or a court proceeding or some unequivocal act of ownership which interrupts the exercise of the right claimed and being used by the opposite parties." Board of Education of Itawamba County, Mississippi v. Loague, 405 So.2d 122, 125-26 (Miss.1981). Magee cut down trees on his own property and destroyed part of the fence that marked the boundary between his property and the Garlands. This act may have been a trespass but it did not interrupt the Garlands' possession of the land.
¶ 14. Magee further claims that the Garlands did not maintain exclusive possession of the property. He bases this claim on his declaration that the Garlands approached him in 1998 and asked to purchase the disputed parcel of land. At trial, Michael Garland testified that he asked to buy property other than that in dispute from Magee. This question is one of fact best left to the discretion of the chancellor. This Court will not reverse a chancellor's factual finding where it is supported by substantial evidence. Morreale v. Morreale, 646 So.2d 1264, 1266 (Miss.1994).
¶ 15. There are sufficient facts in the record to support the chancellor's finding of adverse possession by the Garlands. That family came into the property in dispute more than fifty years ago. All witnesses at trial testified that the Garlands had exclusive use of the property during that entire time. They worked and played on the land, often inviting others to farm the land or cut hay there. The fact that the use of the land was not permissive was established by the testimony of Magee and Jones, who both testified that neither had given the Garlands permission to use the property. The Garlands proved beyond clear and convincing evidence every element of a claim of adverse possession; therefore, the chancellor's decision should be affirmed.

II. SHOULD THE GARLANDS BE ESTOPPED IN THEIR CLAIM OF ADVERSE POSSESSION BY THE DOCTRINE OF LACHES?
¶ 16. Magee further claims that the Garlands should be estopped in their claim by the doctrine of laches. He offered no case law to support his allegations.
¶ 17. Three independent criteria must be met before laches can be invoked to bar litigation. The party invoking the doctrine must show: (1) delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. Allen v. Mayer, 587 So.2d 255, 260 (Miss.1991). Whether laches bars an action is a fact dependent question, largely left to the discretion of the trial court. Id.
¶ 18. Magee claims that he was prejudiced by the Garlands' delay in filing this action. He bases this claim on the premise that the Garlands did not make their possession known to him until 1998 when they asked to buy part of his property. Magee asserts that the Garlands should be estopped from pleading fifty years possession because they did not put him on notice *159 of their possession until just before this action was filed.
¶ 19. Magee's argument must fail. This Court finds that the chancellor did not abuse his discretion by failing to apply the doctrine of laches. Testimony given at trial clearly established that the Garlands had been in possession of and using the property in question for many years beyond the ten year statutory period. Magee himself testified at trial that he knew the fences existed separating his property from the Garlands' and that he knew that cattle were often pastured there. He also testified that he knew that the Garlands burned trash on the property. Magee's claim on appeal that he did not know that the Garlands were using the property is contradicted by the record. The chancellor properly declined to apply the doctrine of laches.
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.